**COPY**

1  RICHARD B. GOETZ (S.B. #115666)
   rgoetz@omm.com
2  CARLOS M. LAZATIN (S.B. #229650)
   clazatin@omm.com
3  TIMOTHY P. CABALLERO (S.B. #254599)
   tcaballero@omm.com
4  O'MELVENY & MYERS LLP
5  400 South Hope Street, 18th Floor
   Los Angeles, CA  90071-2899
6  Telephone:  (213) 430-6000
   Facsimile:   (213) 430-6407
7

8  Attorneys for Defendant
   McNeil-PPC, Inc.
9



FILED
CLERK, U.S. DISTRICT COURT

NOV 19 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

10

11

12              **UNITED STATES DISTRICT COURT**
13              **CENTRAL DISTRICT OF CALIFORNIA**

14  NICHOLAS SZAMET, on Behalf of       Case No. **CV10-8933** VBF
15  Himself and All Others Similarly                          (SSx)
    Situated,
16
                      Plaintiff,         **DEFENDANT MCNEIL-PPC, INC.'S**
17                                        **NOTICE OF REMOVAL**
18           v.                           **(28 U.S.C. §§ 1332(d) and 1441)**
19
    MCNEIL-PPC, INC., and DOES 1 to
20  50, Inclusive,                        **(Los Angeles County Superior Court**
                                          **Case No. BC446642)**
21                    Defendants.
22

23

24

25

26

27

28
                                         DEFENDANT MCNEIL-PPC, INC.'S
                                              NOTICE OF REMOVAL

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that McNeil-PPC, Inc., the sole defendant in the above-titled action, hereby removes this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 from the Superior Court for the State of California for the County of Los Angeles to the Untied States District Court for the Central District of California. The grounds for removal are set forth below.

1.     On October 1, 2010, Plaintiff Michelle Tanzer ("Tanzer") commenced this action by filing a Summons and Class Action Complaint in the Superior Court for the State of California for the County of Los Angeles captioned *Michelle Tanzer, an individual on behalf of herself and all others similarly situated vs. McNeil-PPC, Inc.*, No. BC446642.

2.     Defendant was served on October 20, 2010 by process server through an agent located at 818 West Seventh Street, Los Angeles, California.

3.     A true and correct copy of the Summons and Complaint is attached hereto as Exhibit A.

4.     A true and correct copy of the Proof of Service is attached hereto as Exhibit B.

5.     On October 20, 2010, Tanzer filed a Notice of Non-Complex Designation and Reassignment.

6.     A true and correct copy of the Notice of Non-Complex Designation and Reassignment is attached as Exhibit C.

7.     On November 12, 2010, Plaintiff Nicholas Szamet ("Szamet") filed a Summons and First Amended Class Action Complaint in the Superior Court for the State of California for the County of Los Angeles captioned *Nicholas Szamet, an individual on behalf of himself and all others similarly situated vs. McNeil-PPC, Inc.*, No. BC446642.

1

8.      Defendant has not been served with the First Amended Complaint.

9.      A true and correct copy of the Summons and First Amended Complaint is attached hereto as Exhibit D.

10.     On November 17, 2010, an attorney for Plaintiffs Tanzer and Szamet filed a Declaration in Support of Plaintiff's Request for Dismissal of Plaintiff Michelle Tanzer Only.

11.     A true and correct copy of the Declaration in Support of Plaintiff's Request for Dismissal of Plaintiff Michelle Tanzer Only is attached hereto as Exhibit E.

12.     On November 18, 2010, Defendant filed an Answer to Plaintiff Tanzer's Complaint.

13.     A true and correct copy of the Answer to Plaintiff Tanzer's Complaint, along with the concurrently filed Civil Case Cover Sheet and Proof of Service, is attached hereto as Exhibit F.

14.     On November 19, 2010, Defendant filed an Answer to Plaintiff Szamet's First Amended Complaint.

15.     A true and correct copy of the Answer to Plaintiff Szamet's First Amended Complaint is attached hereto as Exhibit G.

16.     This Notice of Removal is timely because it is filed within thirty days of service on the defendant of the Summons and Complaint. *See* 28 U.S.C. § 1446(b).

17.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being contemporaneously filed with the Clerk of the Superior Court for the State of California for the County of Los Angeles and served upon plaintiff.

## PLAINTIFF'S COMPLAINT

18.     Plaintiff Szamet alleges that he is a resident of California.  First Amended Complaint ("FAC") ¶ 9.

DEFENDANT MCNEIL-PPC, INC.'S
NOTICE OF REMOVAL

19.     Defendant McNEIL-PPC, Inc. ("McNeil") is a New Jersey corporation, and its Johnson & Johnson Healthcare Products Division responsible for marketing Listerine® products has its principal offices in Skillman, New Jersey.

20.     Szamet's claims relate to allegedly misleading business practices with respect to the labeling and advertising for McNeil's product Listerine Total Care Anticavity Mouthwash ("LTC"). Szamet's FAC is premised on two alleged misrepresentations regarding LTC.

21.     First, Szamet alleges that statements on the LTC label that the mouthwash "Fights Unsightly Plaque Above the Gum Line," and "Helps Prevent Cavities" are misleading because LTC "does not fight unsightly plaque above the gum line or help prevent cavities." FAC ¶ 2-3.

22.     Second, Szamet alleges that the word "total" in the LTC name implies that LTC is "comprehensive in function, and provides benefits, including antigingivitis and antiplaque benefits, beyond those related to the prevention of cavities." FAC ¶ 57. Szamet alleges that this claim is untrue and therefore misleading. *Id.*

23.     Szamet alleges that his claims are supported by a Warning Letter sent by the U.S. Food and Drug Administration ("FDA") to McNeil on September 27, 2010.

24.     Specifically, Szamet alleges that "[a]ccording to the [FDA], [McNeil] has falsely represented the benefits of the use of its mouthwash" and that "'the product's claim that it will provide all of the benefits listed[] is misleading and accordingly makes it misbranded . . . .'" FAC ¶ 3.

25.     Szamet asserts claims under the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.* (Count I), False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 *et seq* (Count II), and Consumer Legal Remedies Act ("CLRA"), Civil Code § 1750 *et seq.* (Count III). FAC ¶¶ 45-71.

DEFENDANT MCNEIL-PPC, INC.'S
NOTICE OF REMOVAL

26.    Szamet also asserts common law claims of fraudulent concealment and nondisclosure (Count IV), negligent misrepresentation (Count V), breach of express warranty (Count VI), breach of implied covenant of good faith and fair dealing (Count VII), and money had and received (Count VIII). FAC ¶¶ 72-109.

27.    In Count I, Szamet seeks restitution and disgorgement of alleged "ill-gotten profits . . . ." FAC ¶¶ 51-52.

28.    In Count II, Szamet seeks "money paid to or acquired by [McNeil] in connection with the sales of" LTC. FAC ¶ 60.

29.    In Count IV, Szamet seeks actual and punitive damages. FAC ¶ 84.

30.    In Count V, Szamet seeks punitive damages. FAC ¶ 94.

31.    In Count VI, Szamet seeks injunctive relief "in the form of a Court order mandating that [McNeil] take steps to stop the sale of the Listerine Total Care Anticavity Mouthwash mislabeled . . . or, alternatively, replace the label on all containers mislabeled . . . ." FAC ¶ 101. Szamet also seeks "attorneys' fees, costs, and interest . . . ." *Id.*

32.    In Count VIII, Szamet seeks disgorgement of McNeil's alleged "ill-gotten profits . . . ." FAC ¶ 109.

33.    Szamet seeks to litigate his claims on behalf of himself and proposed UCL and CLRA classes as follows:

> UCL Class
> All residents of California who purchased one or more bottles of Listerine Total Care Anticavity Mouthwash. Before purchasing or obtaining Listerine Total Care Anticavitity Mouthwash, members of the class must have been exposed to a statement from Defendants that the subject Listerine fought or reduced Plaque or Gingivitis, fought or prevented cavities, or provided "Total Care." ("UCL Class").

> CLRA Class
> All residents of California who purchased one or more bottles of Listerine Total Care Anticavity Mouthwash. Before purchasing or obtaining Listerine Total Care Anticavitity Mouthwash, members of the

4

class must have been exposed to a statement from Defendants that the subject Listerine fought or reduced Plaque or Gingivitis, fought or prevented cavities, or provided "Total Care." ("CLRA Class").

FAC ¶ 36.

34.     As explained below, this Court has jurisdiction over Szamet's action and it is properly removed to this Court.

## BASIS OF FEDERAL JURISDICTION UNDER
## CLASS ACTION FAIRNESS ACT

35.     This action is removable to this Court because federal diversity jurisdiction, 28 U.S.C. § 1332, exists over Szamet's claims pursuant to the Class Action Fairness Act of 2005, Pub L. 109-2, 119 Stat. 4 (2005) ("CAFA"), codified in various sections of Title 28 of the United States Code including 28 U.S.C. §§ 1332(d) & 1453.

36.     CAFA became effective on February 18, 2005, and applies to any civil action on or after that date. CAFA applies to this action because it was commenced on October 1, 2010.

37.     Congress enacted CAFA to enlarge federal jurisdiction over proposed class actions. CAFA provides that a class action against a non-governmental entity may be removed to federal court if: (a) the number of proposed class members is not less than 100; (b) any member of the proposed class is a citizen of a state different from any defendant; and (c) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5) & 1453(b). As set forth below, all of the requirements for removal are satisfied.

## Class Size

38.     CAFA's first requirement, that the proposed class contain at least 100 members, 28 U.S.C. § 1332 (d)(5), is satisfied.

39.     Szamet's proposed classes contain "[a]ll residents of California who purchased one or more bottles of Listerine Total Care Anticavity Mouthwash" and

5

DEFENDANT MCNEIL-PPC, INC.'S
NOTICE OF REMOVAL

who were exposed, prior to purchase, to a statement that LTC "fought or reduced Plaque or Gingivitis, fought or prevented cavities, or provided 'Total Care.'" FAC ¶ 36.

40.    LTC was first made available for purchase by consumers in California in or about February 2009 and has been sold throughout the state ever since. Declaration of Ryan Wilson ("Wilson Decl.") at ¶ 3.  As of the date on which this action was commenced, sales of LTC to consumers by retailers in California exceeded $5 million.  Wilson Decl. at ¶ 5.

41.    From the launch of LTC through the date when this action commenced, the LTC label has included the statements "Fights Unsightly Plaque Above the Gum Line" and "Helps Prevent Cavities."

42.    Szamet's proposed class therefore contains at least 100 members.

**Minimal Diversity of Citizenship**

43.    CAFA's second requirement, that any one member of the proposed class be a citizen of a state different from any defendant, 28 U.S.C. § 1332(d)(2), is satisfied.

44.    Szamet alleges that he resides in California.  FAC ¶ 9.

45.    Szamet alleges that McNeil is a New Jersey corporation and that its Johnson & Johnson Healthcare Products division is located in Skillman, New Jersey.  FAC ¶ 12.  McNeil is therefore a citizen of New Jersey.

46.    Diversity of citizenship therefore exists between at least one proposed class member and McNeil, satisfying 28 U.S.C. § 1332(d)(2).

47.    The complete diversity of citizenship between Szamet and McNeil not only satisfies CAFA's minimal diversity-of-citizenship requirement, but also precludes application of the "local controversy" or "home state" exceptions of 28 U.S.C. §§ 1332(d)(3) and (d)(4).

6

## Amount in Controversy

48.    CAFA's third requirement, that the aggregate amount in controversy exceed $5 million exclusive of interest and costs, 28 U.S.C. § 1332(d)(2), is satisfied.

49.    Although McNeil disputes liability and damages, Szamet's claims on behalf of himself and his proposed classes for monetary relief, if granted, would exceed $5 million.

50.    Szamet seeks compensatory damages, restitution, and punitive damages.  FAC ¶ 51-52, 60, 84, 94.  However, even if the Court looks only to Szamet's claim for restitution of "money paid to or acquired by [McNeil] in connection with sales" of LTC, the $5 million amount in controversy threshold is satisfied.  FAC ¶ 60.

51.    McNeil was paid or acquired in excess of $5 million in sales of LTC in California.  Wilson Decl., at ¶ 5.

52.    Szamet has therefore alleged an amount in controversy that exceeds $5 million.

## Conclusion on CAFA Jurisdiction

53.    For all of the foregoing reasons, this Court has jurisdiction over Plaintiff's claims and this action, and this action has been properly and timely removed to this Court.

## Venue

54.    Plaintiff's state court action was commenced in the Superior Court of the State of California for the County of Los Angeles and, pursuant to 28 U.S.C. §§ 84(c) and 1446(a) and (b), may be removed to this United States District Court for the Central District of California, which embraces Los Angeles County within its jurisdiction.

DEFENDANT MCNEIL-PPC, INC.'S
NOTICE OF REMOVAL

WHEREFORE, McNeil-PPC, Inc., the sole defendant in the above-titled action, respectfully removes this action from the Superior Court for the State of California for the County of Los Angeles (Case No. BC446642), to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated:          November 19, 2010                    O'MELVENY & MYERS LLP


By: _____
        Carlos M. Lazatin

Attorneys for Defendant
McNeil-PPC, Inc.

8

DEFENDANT MCNEIL-PPC, INC.'S
NOTICE OF REMOVAL

EXHIBIT A

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:** MCNEIL-PPC, INC., and DOES 1 to
**(AVISO AL DEMANDADO):** 50, Inclusive

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 01 2010

John A. Clarke, Executive Officer/Clerk
by _____, Deputy
DOROTHY SWAIN

**YOU ARE BEING SUED BY PLAINTIFF:** MICHELLE TANZER, on
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** behalf of herself
and others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es):

CASE NUMBER:
(Número del Caso): BC446642

SUPERIOR COURT OF THE STATE OF CALIFORNIA
111 N. HILL STREET

LOS ANGELES, CA 90012
The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
KINGSLEY & KINGSLEY, APC
ERIC B. KINGSLEY, ESQ. SBN-185123        (818) 990-8300    FAX (818) 990-2903
BRIAN LEVINE, ESQ. SBN-251416            KELSEY PETERSON-MORE, ESQ. SBN-260264
16133 VENTURA BLVD., SUITE 1200, ENCINO, CA 91436
DATE:                                    Clerk, by                              , Deputy
(Fecha) OCT 01 2010      John A. Clarke  (Secretario) D.M. Swain            (Adjunto)
(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [✔] on behalf of (specify): MCNEIL-PPC, INC.

under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
       [ ] other (specify):
4. [X] by personal delivery on (date): 10-20-10

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

Legal
Solutions
Plus

◻ COPY

1    **KINGSLEY & KINGSLEY, APC**
     **ERIC B. KINGSLEY, ESQ., SBN-185123**
2    eric@kingsleykingsley.com
     **BRIAN LEVINE, ESQ., SBN-251416**
3    blevine@kingsleykingsley.com
     **KELSEY PETERSON-MORE, ESQ., SBN-260264**
4    kelsey@kingsleykingsley.com
     **16133 VENTURA BL., SUITE 1200**
5    **ENCINO, CA 91436**
     **(818) 990-8300, FAX (818) 990-2903**
6

     **Attorneys for Plaintiff**
7

**CONFORMED COPY**
**OF ORIGINAL FILED**
Los Angeles Superior Court

**OCT 01 2010**

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

8

9          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

             **FOR THE COUNTY OF LOS ANGELES**
10

11

12    MICHELLE TANZER, on behalf of    )    Case No.:
     of herself and others similarly situated,   )
13                           )    <u>CLASS ACTION</u> COMPLAINT FOR:
             Plaintiffs,    )
14                            )    (1)   VIOLATION OF THE UNFAIR
         v.                    )           COMPETITION LAW (Business and
15                            )           Professions Code §17200 *et seq.*)
     McNEIL-PPC, INC., and DOES 1 to 50   )    (2)   VIOLATION OF THE FALSE
16    Inclusive,                      )           ADVERTISING LAW (Business and
   _____ )          Professions Code §17500 *et seq.*)
17                                   (3)   VIOLATION OF THE CONSUMER
                                    LEGAL REMEDIES ACT (Civil Code
18                                     §1750 *et seq.*)
                                  (4)   FRAUDULENT CONCEALMENT/
19                                    NONDISCLOSURE
                                  (5)   NEGLIGENT MISREPRESENTATION
20                                    (6)   BREACH OF EXPRESS WARRANTY
                                   (7)   BREACH OF THE IMPLIED COVENANT
21                                    OF GOOD FAITH AND FAIR DEALING
                                  (8)   MONEY HAD AND RECEIVED
22

                              <u>**JURY TRIAL DEMANDED**</u>
23

24

25         Plaintiff, MICHELLE TANZER ("Plaintiff" or "TANZER"), complaining of the above-named

26   Defendants, alleges as follows, which allegations are upon information and belief insofar as they pertain

27   to the conduct of the Defendants:

28

                                               1

**I**

**INTRODUCTION**

1.      This is a civil action brought under the Unfair Competition Law (Business and Professions Code section 17200 *et seq.*), the False Advertising Law (Business and Professions Code section 17500 *et seq.*) and the Consumer Legal Remedies Act (Civil Code section 1750, *et seq.*) to redress Defendant's unlawful, unfair, and fraudulent business acts and practices and deceptive advertising in the advertising and sale of its Listerine Total Care Anticavity Mouthwash ("Listerine") to California consumers.

2.      Defendant McNEIL-PPC, INC. represented, through promotions aired and made available to the public by television commercials, claims published on its website and on the product label, and other adverting, that the subject Listerine, "Strengthens Teeth, Restores Minerals to Enamel, Fights Unsightly Plaque Above the Gum Line, Helps Prevent Cavities, Kills Bad Breath Germs, and Freshens Breath." (Exhibit "1.")

4.      Contrary to Defendant's representations, Listerine does not fight unsightly plaque above the gum line or help prevent cavities.   Indeed, Listerine does not "fight plaque," provide "antiplaque/antigingivitis" benefits, or "total care" as it is labeled.   According to the Food and Drug Administration ("FDA"), Listerine has falsely represented the benefits of the use of its mouthwash "and the product's labeling claim that it will provide all of the benefits listed, is misleading and accordingly makes it misbranded..." (Exhibit 2).

5.      On September 27, 2010, the U.S. Food and Drug Administration ("FDA") hand delivered a warning letter cautioning Defendant McNeil that the labeling and advertising of the subject Listerine is misleading and, therefore, makes the product misbranded.

**II**

**JURISDICTION AND VENUE**

6.      Each of the Defendants does substantial business in the State of California.

7.      Each of the business acts and practices described herein was performed, in whole or in part, in the State of California, the effects of which had a substantial affect on Plaintiff and California consumers.

8.      Venue as to each Defendant is proper in this judicial district, pursuant to <u>Code of Civil</u>

1  <u>Procedure</u> §395. Defendant McNeil-PPC, Inc. ("McNeil-PPC") is a New Jersey corporation. McNeil-

2  PPC, through its Johnson & Johnson Heathcare Products division located in Skillman, NJ, advertises

3  and sells Listerine mouthwash nationwide, including within the State of California and the County of

4  Los Angeles.  The unlawful, unfair, and fraudulent business acts and practices and false advertising

5  alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California

6  and County of Los Angeles.

7       9.     Under information currently available to Plaintiff, Plaintiff alleges that her individual claim

8  does not exceed $75,000.00.

9                  **III**

10             **PARTIES**

11    **A.**    <u>**Plaintiff**</u>

12       10.    Plaintiff **MICHELLE TANZER** is a resident of California.  TANZER  resides in the

13  County of Los Angeles.

14       11.    Plaintiff **TANZER** purchased Listerine mouthwash in the State of California, County of

15  Los Angeles.

16       12.    In considering whether to purchase the subject mouthwash as a part of her dental regime,

17  Plaintiff and others relied on Defendant's misrepresentations that its mouthwash "Strengthens Teeth,

18  Restores Minerals to Enamel, Fights Unsightly Plaque Above the Gum Line, Helps Prevent Cavities,

19  Kills Bad Breath Germs, and Freshens Breath." Neither TANZER nor members of the proposed class

20  would have purchased Listerine but for Defendant's misrepresentations concerning these beneficial

21  effects of use.

22    **B.**    <u>**Defendants**</u>

23       13.    Defendant **MCNEIL-PPC, INC.** is a New Jersey corporation  Defendant McNeil-PPC,

24  through its Johnson & Johnson Healthcare Products division located in Skillman, NJ, advertises and

25  sells Listerine mouthwash nationwide, including within the State of California.

26       14.    The true names and capacities, whether individual, corporate, associate, or otherwise, of

27  Defendants sued herein as DOES 1 to 50, inclusive, are currently unknown to Plaintiff, who therefore

28  sues Defendants by such fictitious names under <u>Code of Civil Procedure</u> §474.  Plaintiff is informed

CLASS ACTION COMPLAINT

1    and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is

2    legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave

3    of court to amend this Complaint to reflect the true names and capacities of the defendants designated

4    hereinafter as DOES when such identities become known.

5        15.    Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in

6    all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme,

7    business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally

8    attributable to the other Defendants.

9

**IV**

10

**APPLICATION OF CALIFORNIA LAW**

11        16.    California law applies to the claims and issues asserted herein. Plaintiff and similarly

12    situated class members are California residents who seek damages and equitable relief under the laws

13    of the State of California.

14

**V**

15

**OVERVIEW OF APPLICABLE LAW**

16    **A.**    <u>The Unfair Competition Law</u>

17        17.    The Unfair Competition Law ("UCL") prohibits "unfair competition," which is defined

18    by Business and Professions Code §17200 as including "any unlawful, unfair or fraudulent business act

19    or practice . . ."

20        18.    As the California Supreme Court has noted, the UCL's "purpose is to protect both

21    consumers and competitors by promoting fair competition in commercial markets for goods and

22    services." (*Kasky v. Nike Inc.* (2002) 27 Cal.4th 939, 949.) The UCL is broadly worded, leading the

23    California Supreme Court to observe that the UCL "was intentionally framed in its broad, sweeping

24    language, precisely to enable judicial tribunals to deal with the innumerable new schemes which the

25    fertility of man's invention would contrive." (*Barquis v. Merchants Collection Association* (1972) 7

26    Cal.3d 94, 112 [citations and internal quotation marks omitted].)

27        19.    "Because Business and Professions Code §17200 is written in the disjunctive, it establishes

28    three varieties of unfair competition – acts or practices which are unlawful, or unfair, or fraudulent."

4

(*Podolsky v. First Healthcare Corp.* (1996) 50 Cal.App.4th 632, 647.)

20.     The <u>unlawful</u> prong of §17200 proscribes "anything that can properly be called a business practice and that at the same time is forbidden by law." (*People v. McKale* (1979) 25 Cal.3d 626, 632; *see also Podolosky v. First Healthcare Corp., supra*, 50 Cal.App.4th at p. 647 ["Virtually any state, federal or local law can serve as the predicate for an action under Business and Professions Code section 17200."]; *Saunders v. Superior Court* (1994) 27 Cal.App.4th 832, 838-839 ["The 'unlawful' practices prohibited by §17200 are any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made."].)

21.     The <u>unfair</u> prong of §17200 "provides an independent basis for relief"; in other words, "[i]t is not necessary for a business practice to be 'unlawful' in order to be subject to an action under the unfair competition law." (*Smith v. State Farm Mutual Auto Insurance Co.* (2001) 93 Cal.App.4th 700, 718.) "In general the 'unfairness' prong 'has been used to enjoin deceptive or sharp practices. . .' [Citation.]" (*South Bay Chevrolet v. General Motors Acceptance Corp.* (1999) 72 Cal.App.4th 861, 887.)

22.     The courts of this State have adopted several tests for determining whether a business act or practice is *unfair*:

23.     A business practice is unfair "when that practice 'offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious.'" (*State Farm Fire & Casualty Co. v. Superior Court* (1996) 45 Cal.App.4th 1093, 1102 [quoting *People v. Casa Blanca Convalescent Homes, Inc.* (1984) 159 Cal.App.3d 509, 530].)

24.     Another "test of whether a business practice is unfair involves an examination of [that practice's] impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer. In brief, the court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim. . ." (*State Farm Fire & Casualty Co. v. Superior Court, supra*, 45 Cal.App.4th at pp. 1103-1104.)

25.     It also is an unfair business practice when the defendant's conduct "threatens an incipient violation of [a law], or violates the policy or spirit of [a law] because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition."

5

1   (*Cel-Tech Communication, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 187; *see*

2   *also Scripps Clinic v. Superior Court (Thompson)* (2003) 108 Cal.App.4th 917, 940.)

3       26.    More recently, one Court of Appeal has fashioned a test for determining whether a practice

4   is unfair based upon section 5 of the Federal Trade Commission Act (United States Code, title 15,

5   section 41 *et seq.*).  Under this test, "[a]n act or practice is unfair if [1] the consumer injury is

6   substantial, [2] is not outweighed by any countervailing benefits to consumers or to competition, and

7   [3] is not an injury the consumers themselves could reasonably have avoided." (*Daugherty v. American*

8   *Honda Motor Co., Inc.* (2006) 144 Cal.App.4th 824, 839 [bracketed numbers added].)

9       27.    The <u>fraudulent</u> prong of §17200 "affords protection against the probability or likelihood

10   as well as the actuality of deception or confusion." (*Payne v. United California Bank* (1972) 23

11   Cal.App.3d 850, 856.) "The test is whether the public is likely to be deceived." (*South Bay Chevrolet*

12   *v. General Motors Acceptance Corp., supra,* 72 Cal.App.4th at p. 888.)

13       28.    The UCL contains no express intent, knowledge, or negligence requirement, and therefore

14   has been construed as "impos[ing] strict liability." (*Searle v. Wyndham International, Inc.* (2002) 102

15   Cal.App.4th 1327, 1333.) Moreover, where the false representation was material, the class is entitled

16   to a presumption of class-wide reliance, which can rebutted only with evidence establishing a lack of

17   reliance. (*In re Tobacco II* (2009) 46 Cal.4th 298, 326-327, rehearing denied Aug. 12, 2009.)

18       **B.**    <u>**The False Advertising Law**</u>

19       29.    Business and Professions Code §17500, a provision of the False Advertising Law ("FAL"),

20   provides in relevant part that it is: (a) "unlawful for any person, firm, corporation or association," (b)

21   "to make or disseminate or cause to be made or disseminated before the public in this state," (c) "in any

22   newspaper or other publication, or any advertising device, . . .or in any other manner or means," (d) "any

23   statement, concerning. . .[the performance of] services. . .which is untrue or misleading," (e) "which is

24   known, or which by the exercise of reasonable care should be known, to be untrue or misleading," and

25   (f) "with intent directly or indirectly to. . .perform services, professional or otherwise. . .or to induce the

26   public to enter into any obligation relating thereto. . ."

27       30.    The FAL applies broadly to commercial speech and includes within its purview not merely

28   advertisements specific to products or services being sold, but also to more general statements intended

1  to burnish a corporation's image in the eyes of the public. (See *Kasky v. Nike, Inc.*, *supra*, 27 Cal.4th

2  939.)

3      31.    A statement is "untrue or misleading" for purposes of §17500 "if members of the public

4  are likely to be deceived." (*Chern v. Bank of America* (1976) 15 Cal.3d 866, 876.)

5      32.    While §17200 can be violated with no showing that the defendant acted intentionally,

6  knowingly, or negligently, §17500 requires proof that the statement was "known, or which by the

7  exercise of reasonable care should be known, to be untrue or misleading" (Business and Professions

8  Code §17500), which creates a negligence standard. (See *Khan v. Medical Board* (1993) 12

9  Cal.App.4th 1834, 1846.) Under this standard, a seller has "a duty of investigation," such that the

10  seller's "failure to verify and investigate breaches the duty of care when facts are present which would

11  put a reasonable person on notice of possible misrepresentations." (*People v. Superior Court (Forest*

12  *E. Olson, Inc.)* (1982) 137 Cal.App.3d 137, 139.)

13      33.    A violation of §17500 may be the subject of a civil action seeking an injunction and/or

14  restitution. (Business and Professions Code §§17535 and 17536.)

15      **C.**    **The Consumer Legal Remedies Act**

16      34.    The Consumer Legal Remedies Act ("CLRA") codified in Civil Code § 1750 *et seq.*, acts

17  as a complement to the UCL in that it protects "consumers against unfair and deceptive business

18  practices" and "provide[s] efficient and economical procedures to secure such protection." (Civ. Code

19  §1760.)

20      35.    The CLRA enumerates the following unfair methods of competition and unfair or

21  deceptive acts or practices as "unlawful", among others: (1) Representing that goods or services have

22  sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

23  (2) Representing that goods or services are of a particular standard, quality, or grade, or that goods are

24  of a particular style or model, if they are of another; and (3) Advertising goods or services with intent

25  not to sell them as advertised. (Civ. Code §1770.)

26      36.    As with the UCL, class-wide reliance on the misrepresentation may be presumed where

27  the misrepresentation was material.

28      37.    The remedies available under the CLRA are cumulative to those available under other

1   statutory and case law. *(Wang v. Massey Chevrolet* (2002) 97 Cal.App.4th 856; Civ Code §1752.)

2                                          VI

3                        **CLASS ACTION ALLEGATIONS**

4       38.    Plaintiff is seeking to represent the following classes of similarly situated Californians

5   defined as follows:

6               **UCL Class**
                All residents of California who purchased one or more
7               bottles of Listerine Total Care Anticavity Mouthwash.
                Before purchasing or obtaining Listerine Total Care
8               Anticavity Mouthwash, members of the class must have
                been exposed to a statement from Defendants that the
9               subject Listerine fought or reduced Plaque or Gingivitis,
                fought or prevented cavities, or provided "Total Care."
10              ("UCL Class").

11
                **CLRA Class**
12              All residents of California who purchased one or more
                bottles of Listerine Total Care Anticavity Mouthwash.
13              Before purchasing or obtaining Listerine Total Care
                Anticavity Mouthwash, members of the class must have
14              been exposed to a statement from Defendants that the
                subject Listerine fought or reduced Plaque or Gingivitis,
15              fought or prevented cavities, or provided "Total Care."
                ("CLRA Class").

16
        39.    This action is brought as a class action and may properly be so maintained pursuant to the
17
    provisions of the Code of Civil Procedure §§ 382, 1781. Plaintiff reserves the right to modify the class
18
    definition and the class period based on the results of discovery pursuant to Rule 3.765 of the California
19
    Rules of Court.
20
    **A.    Numerosity**
21
        40.    The potential members of the proposed class as defined are so numerous that joinder of
22
    all the members of the proposed class is impracticable.  While the precise number of proposed class
23
    members has not been determined at this time, Plaintiff is informed and believes that hundreds or
24
    thousands of Californians purchased and used Listerine Total Care Anticavity Mouthwash expressly
25
    for anticavity/antigingivitis, and "Total Care" properties, in reliance on Defendant's misrepresentations.
26
        41.    Plaintiff alleges Defendant's records would provide information as to the total number of
27
    units of Listerine Total Care Anticavity Mouthwash sold.  Defendant's records will also disclose the
28

                                          8

1  identity of all persons who purchased said mouthwash. Joinder of all members of the proposed class
2  is not practicable.

3  **B.    Commonality**

4  42.   There are questions of law and fact common to the proposed class that predominate over
5  any questions affecting only individual class members.  These common questions of law and fact
6  include, without limitation:

7  (a)    Whether Defendants in fact marketed, advertised, promoted, distributed, and sold
8  Listerine Total Care Anticavity Mouthwash as comprehensive in function, and providing benefits,
9  including antigingivitis and antiplaque benefits, beyond those related to prevention of cavities;

10  (b)    Whether Defendants' claims regarding the Listerine Total Mouth Anticavity
11  Mouthwash are false and misleading;

12  (c)    Whether Defendants violated California's Unfair Competition Law by
13  representing that Listerine Total Care Anticavity Mouthwash is comprehensive in function, and
14  provides benefits, including antigingivitis and antiplaque benefits, beyond those related to prevention
15  of cavities, when in fact, it does not;

16  (d)    Whether Defendants violated the False Advertising Law by representing that
17  Listerine Total Care Anticavity Mouthwash is comprehensive in function, and provides benefits,
18  including antigingivitis and antiplaque benefits, beyond those related to prevention of cavities, when
19  in fact, it does not;

20  (e)    Whether Defendants knew, should have known, or were reckless in making the
21  representation that the Listerine Total Care Anticavity Mouthwash it marketed, promoted, distributed,
22  and sold as comprehensive in function, and provides benefits, including antigingivitis and antiplaque
23  benefits, beyond those related to prevention of cavities, when in fact, it does not;

24  (f)    Whether Defendants' representation that Listerine Total Care Anticavity
25  Mouthwash is comprehensive in function, and provides benefits, including antigingivitis and antiplaque
26  benefits, beyond those related to prevention of cavities, constitutes a  material fact that reasonable
27  purchasers would have considered in deciding to purchase this type of mouthwash;

28

9

(g)     Whether Plaintiff and Similarly Situated Class Members justifiably relied on Defendants' representation that Listerine Total Care Anticavity Mouthwash is comprehensive in function, and provides benefits, including antigingivitis and antiplaque benefits, beyond those related to prevention of cavities;

(h)     Whether Defendants had a duty to correct its representation that Listerine Total Care Anticavity Mouthwash is comprehensive in function, and provides benefits, including antigingivitis and antiplaque benefits, beyond those related to prevention of cavities;

(i)     Whether Plaintiff and Similarly Situated Class Members were induced by Defendant's representations to act to their detriment in purchasing Listerine Total Care Anticavity Mouthwash;

(j)     Whether Defendants represented, through words and conduct, that the Listerine Total Care Anticavity Mouthwash it marketed, advertised, promoted, distributed, and sold had characteristics, uses or benefits that the mouthwash did not actually have in violation of the Consumer Legal Remedies Act;

(k)     Whether Defendants represented, through its words and conduct, that the Listerine Total Care Anticavity Mouthwash that it marketed, advertised, promoted, distributed, and sold was of a particular standard, quality or grade when it was of another in violation of the Consumer Legal Remedies Act;

(l)     Whether Defendants advertised Listerine Total Care Anticavity Mouthwash with the intent not to sell it as advertised in violation of the Consumer Legal Remedies Act;

(m)     Whether Defendants' active concealment and/or failure to disclose the capabilities of Listerine Total Care Anticavity Mouthwash was likely to mislead or deceive, and is therefore fraudulent, within the meaning of California's Unfair Competition law;

(n)     Whether Defendants' affirmative misrepresentation and/or failure to disclose the capabilities of Listerine Total Care Anticavity Mouthwash is unfair within the meaning of California's Unfair Competition law;

(o)     Whether Defendants' marketing, advertisements, and other express representations that Listerine Total Care Anticavity Mouthwash had certain characteristics violated

10

1   California's False Advertising law;

2   (p)   Whether Plaintiff and Similarly Situated Class Members have been damaged and
3   are entitled to compensatory damages, and the amount of such damages;

4   (q)   Whether Plaintiff and Similarly Situated Class Members are entitled to restitution
5   and, if so, in what amount, and whether Defendants should be ordered to disgorge ill-gotten profits
6   received from its sale of the misrepresented Listerine Total Care Anticavity Mouthwash for the benefit
7   of Plaintiff and Similarly Situated Class Members.

8   **C.   Typicality**

9   43.   The claims of the named Plaintiff are typical of the claims of the proposed class. Plaintiff
10  and all members of the proposed classes have sustained injuries and damages arising out of and caused
11  by Defendants' unlawful, unfair, and fraudulent business acts and practices and deceptive advertising
12  in the marketing and sale of Listerine Total Care Anticavity Mouthwash to consumers as alleged herein.

13  **D.   Adequacy of Representation**

14  44.   Plaintiff will fairly and adequately represent and protect the interests of the members of
15  the proposed class.. Counsel who represents Plaintiff are competent and experienced in litigating large
16  class actions.

17  **E.   Superiority of Class Action**

18  45.   A class action is superior to other available means for the fair and efficient adjudication
19  of this controversy. Individual joinder of all proposed class members is not practicable, and questions
20  of law and fact common to the proposed classes predominate over any questions affecting only
21  individual members of the proposed classes. Each member of the proposed classes has been damaged
22  and is entitled to recovery by reason of Defendants' unlawful, unfair and fraudulent business acts and
23  practices and deceptive advertising in the marketing and sale of Listerine Total Care Anticavity
24  Mouthwash.

25  46.   Class action treatment will allow those similarly situated persons to litigate their claims
26  in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is
27  unaware of any difficulties that are likely to be encountered in the management of this action that would
28  preclude its maintenance as a class action.

# VII

## FIRST CAUSE OF ACTION

### UNFAIR, MISLEADING, AND DECEPTIVE BUSINESS PRACTICES

### PURSUANT TO BUSINESS & PROFESSIONS CODE §17200

47.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

48.    This is a Representative Private Attorney General Action and Class Action for Unfair Business Practices.  Plaintiff on behalf of herself, the general public, and others similarly situated, brings this claim pursuant to Business and Professions Code §17200 *et seq.*  The conduct of all Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff, the general public, and the proposed classes.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure §1021.5.

49.    Plaintiff is a "person" within the meaning of Business and Professions Code §17204, and therefore has standing to bring this cause of action for restitution and other appropriate equitable relief.

50.    Defendants, by marketing, promoting, distributing, and ultimately selling Listerine Total Care Anticavity Mouthwash, either knew or in the exercise of reasonable care, should have known that its conduct was misleading and deceptive and therefore in violation of §17200 *et seq.* of the Business and Professions Code.

51.    Defendants' conduct violates state and federal statutes and regulations, including, but not limited to, Business and Professions Code § 17500, 21 U.S.C. 352(a) subd. 505(a), and 21 U.S.C. 355(a) subd. 505(a).

52.    Defendants conduct is unfair in that the consumer injury is substantial, Defendant's conduct is not outweighed by any countervailing benefits to consumers or to competition, and consumers could not reasonably have avoided the false claims as consumers generally lack sufficient knowledge to question Defendant's claims that Listerine Total Care Anticavity Mouthwash is comprehensive in function, and provides benefits, including antigingivitis and antiplaque benefits, beyond those related to prevention of cavities.

53.    As a proximate result of the above mentioned acts of Defendants, Plaintiff and others

12

1  similarly situated reasonably relied on the Defendant's representations of material fact that the Listerine

2  Total Care Anticavity Mouthwash it sold was comprehensive in function, and provides benefits,

3  including antigingivitis and antiplaque benefits, beyond those related to prevention of cavities. Plaintiff

4  and Class Members have been damaged and are entitled to restitution in a sum as may be proven.

5      54.    Pursuant to the Business and Professions Code, this Court should make such orders or

6  judgments, including the appointment of a receiver, as may be necessary to disgorge Defendants of

7  ill-gotten profits which may be necessary to restore to Plaintiff and the Proposed Class the money

8  Defendants have unlawfully received.

9                                    **VII**

10                          **SECOND CAUSE OF ACTION**

11                    **UNTRUE OR MISLEADING ADVERTISING**

12        **PURSUANT TO BUSINESS & PROFESSIONS CODE §17500**

13      55.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs

14  as if fully set forth herein.

15      56.    At all times herein mentioned, Defendants marketed, advertised, promoted, distributed, and

16  ultimately sold Listerine Total Care Anticavity Mouthwash to customers throughout California with the

17  representation that it would "prevent cavities" and "fight unsightly plaque above the gum line."

18  Defendants also mislead the public by claiming that the subject Listerine was comprehensive in

19  function, creating the belief that the subject Listerine provided benefits beyond those claimed on the

20  label (e.g. prevention of cavities).

21      57.    Since at least four years prior to the filing of the Complaint and continuing to the present,

22  Defendants have engaged in advertising campaigns to sell Listerine Total Care Anticavity Mouthwash

23  to the public, including Plaintiff and other Californians.

24      58.    The advertisements are and were disseminated to and received by the public.    The

25  advertisements have been aired or made available through television commercials, websites, the product

26  label, and other mediums, including print advertising.

27      59.    Defendants' advertising was untrue and/or misleading and likely to deceive the public in

28  that Defendants represented to Plaintiff and the Proposed Class that the Listerine Total Care Anticavity

13

Mouthwash was comprehensive in function, and provides benefits, including antigingivitis and antiplaque benefits, beyond those related to prevention of cavities.

60.    In making and disseminating the statements herein alleged, Defendants knew, or by the exercise of reasonable care should have known, that the statements were untrue or misleading and so acted in violation of Business and Professions Code §17500.

61.    The FDA has warned Defendants that its claims including the labeling of the subject Listerine as providing "Total Care" is "misleading" and accordingly makes the product "misbranded." (Exhibit "2.")

62.    Pursuant to Business and Professions Code §17535, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to restore Plaintiff and members of the Proposed UCL Class, money paid to or acquired by Defendants in connection with the sales of Listerine Total Care Anticavity Mouthwash.

## IX

### THIRD CAUSE OF ACTION

### VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT

### PURSUANT TO CIVIL CODE §1750 ET SEQ.

63.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

64.    Defendants are "persons" as defined by Civil Code §1761(c).

65.    Plaintiff and the Class are "consumers" within the meaning of Civil Code §1761(d).

66.    The Listerine Total Care Anticavity Mouthwash marketed, advertised, promoted, distributed, and sold by Defendants are "goods" within the meaning of Civil Code §1761(a).

67.    Defendants violated the Consumer Legal Remedies Act ("CLRA") by misrepresenting and/or actively concealing the true properties of this product from Plaintiff and the Class.  These misrepresentations were material and were made in violation of the CLRA include the following:

(1)    Representing that goods or services have approval, characteristics, uses and benefits which they do not have (§1770(a)(5));

(2)     Representing that goods or services are of a particular standard, quality, or grade, when they are of another (§1770(a)(7));

68.     The facts that Defendants misrepresented and/or concealed are material in that a reasonable person would have considered them important in deciding whether or not to purchase the Listerine Total Care Anticavity Mouthwash sold by Defendants and whether to pay the full retail price for the Listerine Total Care Anticavity Mouthwash.

69.     The material facts were misrepresented and/or concealed to induce Plaintiff and others to purchase the Listerine Total Care Anticavity Mouthwash.

70.     Plaintiff and the Proposed Class suffered damages as a direct and proximate result of Defendants' conduct in violation of the CLRA, as evidenced by their purchase of the Listerine Total Care Anticavity Mouthwash. Plaintiff and the Proposed Class were induced to buy the Listerine Total Care Anticavity Mouthwash as a direct result of Defendant's misrepresentation. Plaintiff and the Proposed Class would not have purchased the Listerine Total Care Anticavity Mouthwash (or would have paid less than they actually paid) but for Defendants' misrepresentations that Listerine Total Care Anticavity Mouthwash is comprehensive in function, and provides benefits, including antigingivitis and antiplaque benefits, beyond those related to prevention of cavities.

71.     In accordance with §1782(a) of the CLRA, on October 1, 2010, Plaintiff's counsel sent a demand to Defendants, by certified mail return receipt requested, with notice of the alleged violations of the CLRA §1770(a)(5), (7), and (19), relating to the Listerine Total Care Anticavity Mouthwash. A true and correct copy of Plaintiff's letter is attached hereto as Exhibit "3."

**X**

**FOURTH CAUSE OF ACTION**

**FRAUDULENT CONCEALMENT / NONDISCLOSURE**

72.     Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

73.     Defendants knew that its Listerine Total Care Anticavity Mouthwash was not comprehensive in function, and did not provide benefits, including antigingivitis and antiplaque benefits, beyond those related to prevention of cavities.

15

74.     Defendants fraudulently concealed from and/or intentionally failed to disclose to Plaintiff and the Classes the true nature of its Listerine Total Care Anticavity Mouthwash.

75.     Defendants were and is under a duty to Plaintiff and the Classes to disclose these facts because:

(a) Defendants are in a superior position to know the facts about Listerine Total Care Anticavity Mouthwash;

(b) Consumers could not reasonably have avoided the false claims as consumers generally lack sufficient knowledge to question Defendant's claims that Listerine Total Care Anticavity Mouthwash is comprehensive in function, and provides benefits, including antigingivitis and antiplaque benefits, beyond those related to prevention of cavities;

(c) Defendants did not disclose the true benefits about Listerine Total Care Anticavity Mouthwash from Plaintiff and the Classes; and

(d) Defendants fraudulently and actively concealed the true benefits about Listerine Total Care Anticavity Mouthwash from Plaintiff and the Classes.

76.     The facts concealed and/or not disclosed by Defendants to Plaintiff and the Classes are material facts in that a reasonable person would have considered them important in deciding whether or not to purchase (or to pay the same price for) Listerine Total Care Anticavity Mouthwash .

77.     Defendants intentionally concealed and/or failed to disclose the true benefits of Listerine Total Care Anticavity Mouthwash for the purpose of inducing Plaintiff and the Classes to act thereon.

78.     Plaintiff and the Classes justifiably acted or relied upon to their detriment the concealed and/or non-disclosed facts as evidenced by their purchase of Listerine Total Care Anticavity Mouthwash.

79.     Had Plaintiffs and the Classes known of the true benefits of Listerine Total Care Anticavity Mouthwash they would not have purchased (or would have paid less for) the moutwash.

80.     As a direct and proximate cause of Defendant's misconduct, Plaintiff and members of the Classes have suffered actual damages in that they bought (and own) Listerine Total Care Anticavity Mouthwash.

81.     Defendants' conduct has been and is wanton and/or reckless and/or shows a reckless

16

1    indifference to the interests of others.

2        82.    Defendants have acted with "malice" as that term is defined in Civ. Code §3294(c)(1) by

3    engaging in conduct that was and is intended by Defendants to cause injury to the Plaintiff and the

4    Classes.

5        83.    Defendants have committed "fraud" as that term is defined in Civ. Code §3294(c)(3)

6    through its concealment of material facts known to Defendants with the intent to cause injury to the

7    Plaintiff and the Classes.

8        84.    Plaintiff, on behalf of herself and all others similarly situated, demand judgment against

9    Defendants for actual and punitive damages in accordance with Civ. Code § 3294(a) for herself and

10   each member of the Class, plus attorneys' fees for the establishment of a common fund, interest, and

11   costs.

12                                              **XI**

13                                **FIFTH CAUSE OF ACTION**

14                            **NEGLIGENT MISREPRESENTATION**

15                  **PURSUANT TO CIVIL CODE §§1572(2), 1709, 1710**

16       85.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs

17   as if fully set forth herein.

18       86.    Negligent misrepresentation occurs if a party to the contract makes a positive assertion,

19   in a manner not warranted by the information of the person making it, of that which is not true, though

20   he believes it to be true, with an intent to deceive another party thereto, or to induce him to enter into

21   the contract. (Civ. Code §1572.)  Negligent misrepresentation may also occur if a person willfully

22   deceives another person with intent to induce him to alter his position to his injury or risk, is liable for

23   any damage which he thereby suffers.  (Civ. Code §§1709, 1710.)

24       87.    Defendants negligently misrepresented and concealed from Plaintiff, and all others

25   similarly situated, the true benefits of Listerine Total Care Anticavity Mouthwash and, on information

26   and belief, had no reasonable foundation or basis to believe or state that this Mouthwash actually had

27   all of those uses.

28       88.    These material misrepresentations were negligently made to Plaintiff, and all others

                                              17
                        _____
                              CLASS ACTION COMPLAINT

1  similarly situated, through uniform misrepresentation, advertising, and other information disseminated

2  by Defendants.

3      89.    Defendants knew at all times that Plaintiff and the proposed Class relied upon their

4  advertising. Defendants materially misrepresented the qualities and/or benefits of its Listerine Total

5  Care Anticavity Mouthwash when Defendants knew, or by the exercise of reasonable care should have

6  known, that the Listerine Total Care Anticavity Mouthwash that it marketed, advertised, promoted,

7  distributed, and ultimately sold did not actually have the qualities and/or benefits as represented.

8      90.    Defendant's representations concerning Listerine Total Care Anticavity Mouthwash's

9  qualities and/or benefits were made without any reasonable ground for believing that its Listerine Total

10  Care Anticavity would be comprehensive in function, and provide benefits, including antigingivitis and

11  antiplaque benefits, beyond those related to prevention of cavities.

12      91.    Defendants intended to induce reliance upon this material misrepresentation to influence

13  the purchasing decisions of Plaintiff, and all others similarly situated. Defendants misrepresented to

14  Plaintiff and the Proposed Class that Listerine Total Care Anticavity Mouthwash was of a different

15  quality than was actually the case in an effort to induce Plaintiff, and all others similarly situated, to buy

16  Listerine Total Care Anticavity Mouthwash over other available mouthwashes or those that would be

17  available in the foreseeable future.

18      92.    Plaintiff and the Proposed Class justifiably relied upon Defendant's representations.

19      93.    As a result of Defendant's negligent misrepresentations, Plaintiff, and all others similarly

20  situated, were harmed. Defendants caused damage to Plaintiff and the members of the Classes as they

21  were induced to buy Listerine Total Care Anticavity Mouthwash from Defendants when the actual

22  mouthwash purchased was of inferior quality.

23      94.    Defendants acted as described above, with a conscious disregard of the rights of Plaintiff

24  and the members of the Classes in clear violation of California Law and resulted in oppression, and/or

25  malice constituting despicable conduct under California Civil Code §3294 entitling Plaintiff to punitive

26  damages in an amount appropriate to punish or make an example of Defendants.

27

28

## XII

## SIXTH CAUSE OF ACTION

## BREACH OF EXPRESS WARRANTY

95.   Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

96.   As set forth above, each unit of Listerine Total Care Anticavity Mouthwash came with an express warranty that listed its ingredients, including the efficacy of its ingredients and the benefits of use.

97.   Defendants breached their express warranties as set forth above, by supplying mislabeled Listerine Total Care Anticavity Mouthwash to its customers in a condition such that the mouthwash did not have the qualities and/or benefits that it purported to have.

98.   Listerine Total Care Anticavity Mouthwash contains common hidden defects that were present at the time of purchase, which could not be discovered by Plaintiff and the Class members.

99.   Had Plaintiff and the members of the Classes known that Listerine Total Care Anticavity Mouthwash failed to conform to the characteristics, qualities and/or benefits that Defendants expressly warranted, they would not have purchased it or would have paid less for it.

100.   As a direct and proximate result of Defendant's breach of express warranty, Plaintiff and the members of the Classes have sustained damages in an amount to be determined according to proof at trial.

101.   Plaintiff, on behalf of herself and all the members of the Classes, demands injunctive relief in the form of a Court order mandating that Defendants take steps to stop the sale of the Listerine Total Care Anticavity Mouthwash mislabeled as being comprehensive in function, and providing benefits, including antigingivitis and antiplaque benefits, beyond those related to prevention of cavities, or, alternatively, replace the label on all containers mislabeled as being comprehensive in function, and provide benefits, including antigingivitis and antiplaque benefits, beyond those related to prevention of cavities, with a label that accurately describes the true benefits and/or damages in an amount to be proven at trial, plus attorneys' fees, costs, and interest pursuant to California Commercial Code Sections 2714 and 2715.

19

CLASS ACTION COMPLAINT

## XIII

## SEVENTH CAUSE OF ACTION

## BREACH OF THE IMPLIED COVENANT

## OF GOOD FAITH AND FAIR DEALING

102.   Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

103.   In every contract or agreement there is an implied promise of good faith and fair dealing meaning that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract.

104.   Defendants unfairly interfered with Plaintiff's right, and the rights of all others similarly situated, to receive the benefits of the contract in that it knew Plaintiff and the proposed Class relied upon its representation, yet it unfairly, unlawfully, and fraudulently misrepresented the qualities and/or benefits of its Listerine Total Care Anticavity Mouthwash to Plaintiff and the proposed Classes.

105.   As a result of Defendant's unfair, unlawful, and fraudulent acts, Plaintiff, and all others similarly situated, were harmed.  Defendants caused damage to Plaintiff as she was induced to buy Listerine Total Care Anticavity Mouthwash from Defendants, which because of the failure to actually "fight plaque," provide "antiplaque/antigingivitis" benefits, or "total care" as represented, thereby stripping all value for the intended use of the Total Care Anticavity Mouthwash.

## XIV

## EIGHT CAUSE OF ACTION

## MONEY HAD AND RECEIVED

106.   Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

107.   As a result of the conduct described above, Defendants have been and may continue to be unjustly enriched at the expense of the Plaintiff and the proposed Class.  Specifically, Defendant's unlawful, unfair, and fraudulent conduct has enabled Defendants to market, advertise, promote, distribute, and ultimately sell this mouthwash to Plaintiff and the proposed Class unjustly enriching Defendants.

20

108.   Defendants received the money of Plaintiff and the Proposed Class for purchase of Listerine Total Care Anticavity Mouthwash with the understanding that it was comprehensive in function, and provided benefits, including antigingivitis and antiplaque benefits, beyond those related to prevention of cavities, as described.  Because the mouthwash was not usable as promised, Plaintiff and the proposed Class, did not receive the benefit of the purchase money.  Defendants have not returned the money to Plaintiff and the Proposed Class.

109.   It would be unjust and inequitable to allow Defendants to retain their ill-gotten profits and therefore should be required to disgorge profits unlawfully obtained.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff prays for the following relief:

1.   For compensatory damages for the purchase price of the Listerine Total Care Anticavity Mouthwash by Plaintiff and each class member;

2.   For restitution, including an order disgorging profits obtained by Defendants for the wrongful acts alleged herein;

3.   For punitive damages;

4.   For attorneys' fees pursuant to California Code of Civil Procedure §1021.5, or other legal basis as may be proven;

5.   For costs of suit; and

6.   For such other relief as the court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of all claims by jury to the extent authorized by law.

DATED: October 1, 2010

KINGSLEY & KINGSLEY, APC

By:_____
BRIAN LEVINE
KELSEY PETERSON-MORE
Attorneys for Plaintiffs

21



EXHIBIT "1"





**U.S. Food and Drug Administration**

Home > Inspections, Compliance, Enforcement, and Criminal Investigations > Enforcement Actions > Warning Letters

## Inspections, Compliance, Enforcement, and Criminal Investigations

### Johnson & Johnson Consumer Group of Companies, Inc. 9/27/10

Department of Health and Human Services

Public Health Service
Food and Drug Administration
Waterview Corporate Center
10 Waterview Blvd., 3rd Floor
Parsippany, NJ 07054

Telephone (973) 331-4906

September 27, 2010

**WARNING LETTER**

**HAND DELIVERED**

Mark Bowden
Vice President of Global Regulatory Affairs
Johnson and Johnson Consumer Products, Inc.
199 Grandview Road
Skillman, New Jersey 08558-1303

10–NWJ–17

Dear Mr. Bowden:

This letter is in reference to the Listerine Total Care Anticavity Mouthwash distributed by your firm. The label for this product makes the following claims: "Strengthens Teeth, Restores Minerals to Enamel, Fights Unsightly Plaque Above the Gum Line, Helps Prevent Cavities, Kills Bad Breath Germs, and Freshens Breath."

Based on these labeled claims "Fights Unsightly Plaque Above the Gum Line" and "Prevents Cavities," Listerine Total Care Anticavity Mouthwash is a drug as defined in section 201(g) of the Federal Food, Drug, and Cosmetic Act (Act) (21 U.S.C. § 321(g)) because the product is intended for use in preventing or mitigating disease, or to affect the structure or function of the body, by preventing cavities and removing plaque. Sodium fluoride 0.0221% (0.01% w/v fluoride ion) for the purpose of "Anticavity" is the sole active ingredient listed for this product. This product is subject to the Final sole active ingredient listed for this product. This product is subject to the Final Monograph for Anticaries Drug Products for Over-the-Counter Use, 21 CFR Part 355, which covers the product's disease claim of helping "prevent cavities," and includes this active ingredient.

However, another claim on the label of Listerine Total Care Anticavity Mouthwash is "Fights Unsightly Plaque Above the Gum Line." This statement represents that the product fights plaque, a well-known precursor to gum disease, including gingivitis. Antiplaque/antigingivitis claims are not covered by the Anticaries Final Monograph. Such antiplaque/antigingivitis claims are, however, addressed in the Advanced Notice of Proposed Rulemaking (ANPR) for Oral Healthcare Products for antigingivitis/antiplaque (68 Fed. Reg. 32232 (May 29, 2003)). In that ANPR, the agency identified active ingredients under consideration for inclusion in an antigingivitis/antiplaque monograph; however, sodium fluoride is not among them.

Thus, no mouthwash with sodium fluoride as the active ingredient has been included or proposed for inclusion in any monograph for the antiplaque/antigingivitis indications claimed for Listerine Total Anti-cavity Mouthwash; that ingredient is not included among those under evaluation in the ANPR for antiplaque/antigingivitis drug products, nor does the anticaries monograph at 21 CFR part 355, which does include the active ingredient of sodium fluoride, include antiplaque claims as recognized claims. As formulated and labeled, Listerine Total Anticavity Mouthwash is not generally recognized as safe and effective for the antiplaque indications in its labeling, and it is, therefore, a new drug under section 201(P) of the Act (21 U.S.C. § 321 (P)). Under section 505(a) of the Act (21 U.S.C. § 355(a)), a new drug may not be introduced or delivered for introduction into interstate commerce unless it is the subject of an FDA-approved application. The marketing of Listerine Total Anticavity Mouthwash without an FDA-approved application violates this provision of the Act.

In addition, the front panel of your product states the product name: "Listerine Total Care Anticavity Mouthwash." The violative claims described in the above paragraphs, combined with the appearance of the "Total Care" name, suggests that the product is comprehensive in function, and will provide benefits, including antigingivitis and antiplaque benefits. We are not aware of any support for the antiplaque/antigingivitis claims or other statements suggesting that the product is comprehensive in function, providing benefits beyond those related to prevention of cavities. Thus, the product's labeling claim that it will provide all of the benefits listed, is misleading and accordingly makes it misbranded within the meaning of section 502(a) of the Act. (21 U.S.C. §352(a)).

The violations cited in this letter are not an all-inclusive list of deficiencies. You are responsible for investigating and determining the causes of these violations and for preventing their recurrence and the occurrence of other violations. You are to assure that your firm complies with all requirements of federal law and FDA regulations.

You should take prompt action to correct the violations cited in this letter. Failure to promptly correct these violations may result in legal action without further notice, including, without limitation, seizure and injunction. Other federal agencies may take this Warning Letter into account when considering the award of contracts.

We note additionally that your principal display panel (PDP) describes your product as "Sodium Fluoride and Acidulated Phosphate Topical Solution." The Drug Facts panel lists the sole active ingredient as "Sodium Fluoride 0.0221% (0.01% fluoride ion)." These representations are inconsistent. Based on the information in your Drug Facts panel, it appears that the PDP should refer to either "Sodium Fluoride Acidulated Phosphate Solution" or just "Sodium Fluoride Solution." The Sodium fluoride listed in the drug facts panel should be listed at 0.02%; not 0.0221 %.

Within fifteen working days of receipt of this letter, please notify this office in writing of the specific steps that you have taken to correct the

EXHIBIT 2

referenced violations. Include an explanation of each step being taken to prevent the recurrence of violations, as well as copies of related documentation. If you cannot complete corrective action within fifteen working days, state the reason for the delay and the time within which you will complete the correction. Your reply should be addressed to Robert J. Maffei, Compliance Officer, at the above address.

Sincerely,

/s/

DIANA AMADOR-TORO
District Director
New Jersey District Office

Links on this page:

GEORGE R. KINGSLEY
ERIC B. KINGSLEY
KEVIN M. ZIETZ
DARREN M. COHEN
ELANA R. LEVINE
BRIAN LEVINE
LIANE L. KATZENSTEIN
STEVE L. HERNÁNDEZ
KELSEY PETERSON-MORE

# KINGSLEY & KINGSLEY

A PROFESSIONAL CORPORATION
CITY NATIONAL BANK BUILDING
16133 VENTURA BOULEVARD, SUITE 1200
ENCINO, CALIFORNIA 91436
(818) 990-8300
FAX (818) 990-2903

October 1, 2010

## VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED

Johnson & Johnson Healthcare            McNeil-PPC, Inc
Products Division                       c/o C T Corporation System, Registered Agent
Global Regulatory Affairs/Legal Dept.   818 W. 7th Street
199 Grandview Road                      Los Angeles, CA 90017
Skillman, NJ 08558-1303

Re:     **NOTICE AND DEMAND LETTER CONCERNING LISTERINE TOTAL
        CARE MOUTHWASH**

This letter constitutes legal notice under California Consumer Legal Remedies Act, ("CLRA"), California Civil Procedure Code § 1750 et seq., pursuant to Civil Code § 1782, notifying McNeil-PPC, Inc. ("McNeil") of violations of the CLRA and of our demand that McNeil take any and all steps to correct its mislabeling and false advertisements concerning the use of Listerine Total Care Anticavity Mouthwash ("Listerine"). On behalf of himself and all others consumers who have purchased this product, Plaintiff hereby demands that within thirty (30) days receipt of this letter, refund of the full retail purchase price to all Californians who purchased.

The undersigned counsel represents Michelle Tanzer, who is a resident of California and has purchased Listerine Total Care Mouthwash in reliance on McNeil's representation that the subject Listerine "prevents cavities" and "fights plaque." But, as it turns out, the subject Listerine does neither.

This proposed action seeks to vindicate the rights of two classes of consumers: a national class and a California subclass. Ms. Tanzer's claim under the CLRA is brought on behalf of a California subclass defined as:

> All residents of California who purchased one or
> more bottles of Listerine Total Care Anticavity
> Mouthwash. Before purchasing or obtaining
> Listerine Total Care Anticavity Mouthwash,
> members of the class must have been exposed to a

EXHIBIT "3"

October 1, 2010
Page 2

> statement from Defendant that the subject Listerine
> fought or reduced Plaque or Gingivitis, fought or
> prevented cavities, or provided "Total Care."

Purchasers of Literine were mislead into purchasing this mouthwash based on the representations that it "prevents cavities" and "fights plaque." If California purchasers had known that the subject mouthwash did neither, Ms. Tanzer and others would not have purchased the mouthwash or would have purchased it for a lower price. Because of McNeil's deceptive and wrongful conduct in marketing and selling Listerine Total Care Anticavity Mouthwash, California consumers have not received the benefit of their bargain.

Please be advised that McNeil's alleged unfair methods of competition, unfair and deceptive acts and practices in violation of the CLRA, include, without limitation:

1.    Representing that goods or services have approval, characteristics, uses and benefits which they do not have (§1770(a)(5));

2.    Representing that goods or services are of a particular standard, quality, or grade, when they are of another (§1770(a)(7));

On behalf of Ms. Tanzer and other California purchasers of Listerine Total Care Anticavity Mouthwash (collectively referred to as the "California subclass"), we demand that McNeil, within thirty (30) days of receipt of this letter, refund the full retail purchase price for all bottles of Listerine Total Care Anticavity Mouthwash sold in the State of California.

Please be advised that McNeil's failure to comply with this request within thirty (30) days of receipt may subject McNeil to the following remedies available under CLRA:

1.    Actual damages suffered;

2.    An order enjoining McNeil from deceptive, misleading, and unfair acts or practices;

3.    Restitution and/or disgorgement;

4.    Punitive damages;

5.    Court costs and attorneys fees, including expert costs; and

6.    Any and all other relief which the court deems appropriate.

October 1, 2010
Page 3

    Failure to respond as requested herein within thirty (30) days will be considered a denial of the claim. After having been provided notice of such violations and possible settlement options, if McNeil fails to provide all relief requested above, Ms. Tazner will seek all legal remedies available under the law available on behalf of herself and the California subclass. This CLRA demand is not made on behalf of the nationwide class of consumers who purchased Listerine Total Care Anticavity Mouthwash .

    This letter also serves as notice that the actions set forth above also constitute violations of California's Business and Professions Code §§ 17200 (Unfair Business Practices) and 17500 (False Advertising). Plaintiff also intends to allege causes of action for money had and received, breach of warranties, both express and implied, and fraudulent concealment/nondisclosure.

    Please advise this firm immediately if McNeil disputes the effectiveness of this notice under Civil Code § 1782(a)(2). Please feel free to call the undersigned at (818) 990-8300 with any questions regarding this notice.

                Sincerely,

                KINGSLEY & KINGSLEY, APC

                Brian Levine

BL/sv

Certified, Return Receipt Requested
Johnson & Johnson Healthcare Products Division #7009 0960 0000 3817 8880

McNeil-PPC, Inc. #7009 0960 0000 3817 8897
c/o C T Corporation System, Registered Agent

EXHIBIT B

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| ERIC B. KINGSLEY, ESQ.        SBN 185123<br>KINGSLEY & KINGSLEY, APC.<br>16133 VENTURA BLVD 1200<br>ENCINO, CA 91436-2416<br>TELEPHONE NO.: (818) 990-8300   FAX NO: (818) 990-2903<br>E-MAIL ADDRESS:<br>ATTORNEY FOR: MICHELLE TANZER, ON BEHALF OF HERSELF AND OTHER | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>OCT 27 2010<br><br>John A. Clarke, Executive Officer/Clerk<br>BY _Raul Sanchez_, Deputy<br>Raul Sanchez |

| LOS ANGELES SUPERIOR COURT/CENTRAL (UNLIMITED) |
|---|
| STREE ADDRESS: 111 N HILL ST |
| MAILING ADDRESS: 111 N HILL ST |
| CITY AND ZIP CODE: LOS ANGELES, CA 90012 |
| BRANCH NAME: CENTRAL |

| PLAINTIFF/PETITIONER: MICHELLE TANZER, ON BEHALF OF HERSELF A | Case Number: |
|---|---|
| DEFENDANT/RESPONDENT: MCNEIL-PPC, INC. | BC446642 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>D-45 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of: Summons; Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum; Notice of Case Assignment; ADR Information Package; Minute Order (10/14/10)

3. a. Party served: MCNEIL-PPC, INC.

   b. Person served: MARGARET WILSON - AGENT FOR SERVICE OF PROCESS @ CT CORPORATION

4. Address where the party was served: 818 W 7TH ST, 2ND FLOOR, LOS ANGELES, CA 90017

5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): Oct, 20 2010    (2) at (time): 2:20 PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   d. On behalf of :
     MCNEIL-PPC, INC.
     under the following Code of Civil Procedure section: CCP 416.10 (corporation)

7. Person who served papers
   a. Name: NORBERT MENDEZ - ATTORNEY RELATED SERVICES, INC.
   b. Address: 15335 MORRISON ST STE 104, SHERMAN OAKS, CA. 91403-1566
   c. Telephone number: (818) 995-9771
   d. The fee for service was: $ 42.00
   e. I am: (3) registered California process server:

     (i) Employee or independant contractor
     (ii) Registration No.: EMP OF 281 (S. RAHEB)
     (iii) County: VENTURA

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: October 26, 2010

_____           _N. Mendez_
NORBERT MENDEZ
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)     (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

EXHIBIT C

ORIGINAL

1 | KINGSLEY & KINGSLEY, APC
  | GEORGE R. KINGSLEY, ESQ. SBN-38022
2 | ERIC B. KINGSLEY, ESQ. SBN-185123
  | KELSEY PETERSON-MORE, ESQ. SBN-260264
3 | 16133 VENTURA BOULEVARD, SUITE 1200
  | ENCINO, CA 91436
4 | (818) 990-8300, FAX (818) 990-2903

5 | Attorneys for Plaintiffs

6

7

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

OCT 20 2010

John A. Clarke, Executive Officer/Clerk
BY _____ Deputy
        Raul Sanchez

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF LOS ANGELES - CENTRAL

10

11 | MICHELLE TANZER, on behalf
   | of herself and others similarly situated,

12 |

13 |         Plaintiffs,
   |    v.

14 | McNEIL-PPC, INC., and DOES 1 to 50,
   | Inclusive,

15 |

16 |         Defendants.

CASE NO.: BC446642

**NOTICE OF NON-COMPLEX
DESIGNATION AND REASSIGNMENT**

JUDGE:    MEL RED RECANA
DEPT.:    45

17

18 |     **PLEASE TAKE NOTICE**, that this case is designated non-complex and is reassigned to Judge Mel

19 | Red Recana in Department 45 at Stanley Mosk Courthouse for all further proceedings.

20 |     Plaintiff was ordered to give notice. Attached as Exhibit 1 is a copy of the court's notice.

21

22 | DATED: October 20, 2010

KINGSLEY & KINGSLEY, APC

23 | By: _____

24 |     KELSEY PETERSON-MORE
   |     Attorney for Plaintiffs

25

26

27

28

1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 10/14/10 | | **DEPT.** 324 |
| HONORABLE EMILIE H. ELIAS JUDGE | A. MORALES | DEPUTY CLERK |
| HONORABLE JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| 8:30 am | BC446642 | Plaintiff Counsel |
| | MICHELLE TANZER VS MCNEIL-PPC INC | NO APPEARANCES Defendant Counsel |
| | NON-COMPLEX (10-14-10) | |

**NATURE OF PROCEEDINGS:**

COURT ORDER

This Court makes its determination whether or not this case should be deemed complex pursuant to Rule 3.400 of the California Rules of Court.

This case is designated non-complex and is reassigned to Judge Mel Red Recana in Department 45 at Stanley Mosk Courthouse for all further proceedings.

Court order any complex case fee paid to be refunded.

Plaintiff is ordered to serve a copy of this minute order on all parties forthwith and file a proof of service in Department 45 within five (5) days of service.

Any party objecting to the non-complex designation must file an objection and proof of service in Department 324 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 324 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER



Page 1 of 2 DEPT. 324

```
MINUTES ENTERED
10/14/10
COUNTY CLERK
```

EXHIBIT 

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 10/14/10 | | DEPT. 324 |
| HONORABLE EMILIE H. ELIAS    JUDGE | A. MORALES | DEPUTY CLERK |
| HONORABLE    JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE    Deputy Sheriff | NONE | Reporter |

| | |
|---|---|
| 8:30 am BC446642 | Plaintiff Counsel |
| MICHELLE TANZER | NO APPEARANCES |
| VS | Defendant |
| MCNEIL-PPC INC | Counsel |
| NON-COMPLEX (10-14-10) | |

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of 10-14-10 upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original entered herein in a separate sealed envelope for each, addressed as shown below with the postage thereon fully prepaid.

Date: 10-14-10

John A. Clarke, Executive Officer/Clerk

By:    **KIN HILAIRE**
    K. HILAIRE

KINGSLEY & KINGSLEY, APC
Eric B. Kingsley, Esq.
16133 Ventura Boulevard, Suite 1200
Encino, California  91436

Page   2 of  2   DEPT. 324

MINUTES ENTERED
10/14/10
COUNTY CLERK

**PROOF OF SERVICE**
**[CCP 1013(a)(3)]**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 16133 Ventura Boulevard, Suite 1200, Encino, California 91436.

On October 20, 2010, I served all interested parties in this action the following documents described as **NOTICE OF NON-COMPLEX DESIGNATION AND REASSIGNMENT** by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

McNeil-PPC, Inc.
C/o Agent for Service of Process
CT Corporation System
818 W. 7th Street
Los Angeles, CA 90017

[XX]  (BY MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage fully prepaid at Encino, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[]  **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to Attorney Related Services, our process server who will cause it to be delivered by personal service to the offices of the addressee.

[XX]  (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 20, 2010, at Encino, California.

Stephanie A. Villarreal

EXHIBIT D

**SUM-100**

# SUMMONS ON FIRST AMENDED
# *(CITACION JUDICIAL)* CLASS ACTION COMPLAINT

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 1 2 2010

John A. Clarke, Executive Officer/Clerk
by _____, Deputy
DOROTHY SWAIN

**NOTICE TO DEFENDANT:** MCNEIL-PPC, INC., and DOES 1 to
*(AVISO AL DEMANDADO):* 50, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** NICHOLAS SZAMET, on
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* behalf of himself
and others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>111 N. HILL STREET<br><br>LOS ANGELES, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>BC446642 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
KINGSLEY & KINGSLEY, APC          (818) 990-8300  FAX:(818) 990-2900
ERIC B. KINGSLEY, ESQ. SBN-185123
KELSEY PETERSON-MORE, ESQ. SBN-260952
16133 VENTURA BLVD., SUITE 1200, ENCINO, CA 91436

DATE: NOV 1 2 2010          Clerk, by _____, Deputy
*(Fecha)*          *(Secretario)*          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS**<br>ON FIRST AMENDED CLASS ACTION COMPLAINT | Code of Civil Procedure §§ 412.20, 465 |



**KINGSLEY & KINGSLEY, APC**
**ERIC B. KINGSLEY, ESQ., SBN-185123**
eric@kingsleykingsley.com
**KELSEY PETERSON-MORE, ESQ., SBN-260264**
kelsey@kingsleykingsley.com
**16133 VENTURA BL., SUITE 1200**
**ENCINO, CA 91436**
**(818) 990-8300, FAX (818) 990-2903**

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 12 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

**Attorneys for Plaintiff**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| NICHOLAS SZAMET, on behalf of of himself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>McNEIL-PPC, INC., and DOES 1 to 50 Inclusive, | Case No.: BC446642<br><br>FIRST AMENDED CLASS ACTION COMPLAINT FOR:<br><br>(1) VIOLATION OF THE UNFAIR COMPETITION LAW (Business and Professions Code §17200 *et seq.*)<br>(2) VIOLATION OF THE FALSE ADVERTISING LAW (Business and Professions Code §17500 *et seq.*)<br>(3) VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT (Civil Code §1750 *et seq.*)<br>(4) FRAUDULENT CONCEALMENT/ NONDISCLOSURE<br>(5) NEGLIGENT MISREPRESENTATION<br>(6) BREACH OF EXPRESS WARRANTY<br>(7) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING<br>(8) MONEY HAD AND RECEIVED<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, NICHOLAS SZAMET ("Plaintiff"), complaining of the above-named Defendants, alleges as follows, which allegations are upon information and belief insofar as they pertain to the conduct of the Defendants:

1

# I

## INTRODUCTION

1.      This is a civil action brought under the Unfair Competition Law (Business and Professions Code section 17200 *et seq.*), the False Advertising Law (Business and Professions Code section 17500 *et seq.*), and the Consumer Legal Remedies Act (Civil Code section 1750, *et seq.*) to redress Defendant's unlawful, unfair, and fraudulent business acts and practices and deceptive advertising in the advertising and sale of its Listerine Total Care Anticavity Mouthwash ("Listerine") to California consumers.

2.      Defendant McNEIL-PPC, INC. represented, through promotions aired and made available to the public by television commercials, claims published on its website and on the product label, and other adverting, that the subject Listerine, "Strengthens Teeth, Restores Minerals to Enamel, Fights Unsightly Plaque Above the Gum Line, Helps Prevent Cavities, Kills Bad Breath Germs, and Freshens Breath." (Exhibit "1.")

3.      Contrary to Defendant's representations, Listerine does not fight unsightly plaque above the gum line or help prevent cavities.    Indeed, Listerine does not "fight plaque," provide "antiplaque/antigingivitis" benefits, or "total care" as it is labeled.    According to the Food and Drug Administration ("FDA"), Listerine has falsely represented the benefits of the use of its mouthwash "and the product's labeling claim that it will provide all of the benefits listed, is misleading and accordingly makes it misbranded..." (Exhibit 2).

4.      On September 27, 2010, the U.S. Food and Drug Administration ("FDA") hand delivered a warning letter cautioning Defendant McNeil that the labeling and advertising of the subject Listerine is misleading and, therefore, makes the product misbranded.

# II

## JURISDICTION AND VENUE

5.      Each of the Defendants does substantial business in the State of California.

6.      Each of the business acts and practices described herein was performed, in whole or in part, in the State of California, the effects of which had a substantial affect on Plaintiff and California consumers.

2

FIRST AMENDED CLASS ACTION COMPLAINT

7.      Venue as to each Defendant is proper in this judicial district, pursuant to Code of Civil Procedure §395. Defendant McNeil-PPC, Inc. ("McNeil-PPC") is a New Jersey corporation. McNeil-PPC, through its Johnson & Johnson Heathcare Products division located in Skillman, NJ, advertises and sells Listerine mouthwash nationwide, including within the State of California and the County of Los Angeles. The unlawful, unfair, and fraudulent business acts and practices and false advertising alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California and County of Los Angeles.

8.      Under information currently available to Plaintiff, Plaintiff alleges that him individual claim does not exceed $75,000.00.

## III

## PARTIES

**A.    Plaintiff**

9.      Plaintiff **NICHOLAS SZAMET** is a resident of California. Plaintiff SZAMET resides in the County of Los Angeles.

10.     Plaintiff SZAMET  purchased Listerine Total Care mouthwash in the State of California, County of Los Angeles.

11.     In considering whether to purchase the subject mouthwash as a part of his dental regime, Plaintiff and others relied on Defendant's misrepresentations that its "Total Care" mouthwash "Strengthens Teeth, Restores Minerals to Enamel, Fights Unsightly Plaque Above the Gum Line, Helps Prevent Cavities, Kills Bad Breath Germs, and Freshens Breath." Neither Plaintiff SZAMET nor members of the proposed class would have purchased Listerine but for Defendants' misrepresentations concerning these beneficial effects of use or would have paid less.

**B.    Defendants**

12.     Defendant **MCNEIL-PPC, INC.** is a New Jersey corporation  Defendant McNeil-PPC, through its Johnson & Johnson Healthcare Products division located in Skillman, NJ, advertises and sells Listerine mouthwash nationwide, including within the State of California.

13.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 50, inclusive, are currently unknown to Plaintiff, who therefore

3

1 | sues Defendants by such fictitious names under <u>Code of Civil Procedure</u> §474.  Plaintiff is informed

2 | and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is

3 | legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave

4 | of court to amend this Complaint to reflect the true names and capacities of the defendants designated

5 | hereinafter as DOES when such identities become known.

6 |      14.    Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in

7 | all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme,

8 | business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally

9 | attributable to the other Defendants.

10 | **IV**

11 | **APPLICATION OF CALIFORNIA LAW**

12 |      15.    California law applies to the claims and issues asserted herein.  Plaintiff and similarly

13 | situated class members are California residents who seek damages and equitable relief under the laws

14 | of the State of California.

15 | **V**

16 | **OVERVIEW OF APPLICABLE LAW**

17 | **A.**    <u>**The Unfair Competition Law**</u>

18 |      16.    The Unfair Competition Law ("UCL") prohibits "unfair competition," which is defined

19 | by Business and Professions Code §17200 as including "any unlawful, unfair or fraudulent business act

20 | or practice . . ."

21 |      17.    As the California Supreme Court has noted, the UCL's "purpose is to protect both

22 | consumers and competitors by promoting fair competition in commercial markets for goods and

23 | services." (*Kasky v. Nike Inc.* (2002) 27 Cal.4th 939, 949.)  The UCL is broadly worded, leading the

24 | California Supreme Court to observe that the UCL "was intentionally framed in its broad, sweeping

25 | language, precisely to enable judicial tribunals to deal with the innumerable new schemes which the

26 | fertility of man's invention would contrive." (*Barquis v. Merchants Collection Association* (1972) 7

27 | Cal.3d 94, 112 [citations and internal quotation marks omitted].)

28 | ///

4

18. "Because Business and Professions Code §17200 is written in the disjunctive, it establishes three varieties of unfair competition – acts or practices which are unlawful, or unfair, or fraudulent." (*Podolsky v. First Healthcare Corp.* (1996) 50 Cal.App.4th 632, 647.)

19. The <u>unlawful</u> prong of §17200 proscribes "anything that can properly be called a business practice and that at the same time is forbidden by law." (*People v. McKale* (1979) 25 Cal.3d 626, 632; *see also Podolosky v. First Healthcare Corp.*, *supra*, 50 Cal.App.4th at p. 647 ["Virtually any state, federal or local law can serve as the predicate for an action under Business and Professions Code section 17200."]; *Saunders v. Superior Court* (1994) 27 Cal.App.4th 832, 838-839 ["The 'unlawful' practices prohibited by §17200 are any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made."].)

20. The <u>unfair</u> prong of §17200 "provides an independent basis for relief"; in other words, "[i]t is not necessary for a business practice to be 'unlawful' in order to be subject to an action under the unfair competition law." (*Smith v. State Farm Mutual Auto Insurance Co.* (2001) 93 Cal.App.4th 700, 718.) "In general the 'unfairness' prong 'has been used to enjoin deceptive or sharp practices. . .' [Citation.]" (*South Bay Chevrolet v. General Motors Acceptance Corp.* (1999) 72 Cal.App.4th 861, 887.)

21. The courts of this State have adopted several tests for determining whether a business act or practice is *unfair*:

22. A business practice is unfair "when that practice 'offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious.'" (*State Farm Fire & Casualty Co. v. Superior Court* (1996) 45 Cal.App.4th 1093, 1102 [quoting *People v. Casa Blanca Convalescent Homes, Inc.* (1984) 159 Cal.App.3d 509, 530].)

23. Another "test of whether a business practice is unfair involves an examination of [that practice's] impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer.  In brief, the court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim. . ." (*State Farm Fire & Casualty Co. v. Superior Court*, *supra*, 45 Cal.App.4th at pp. 1103-1104.)

///

5

24.     It also is an unfair business practice when the defendant's conduct "threatens an incipient violation of [a law], or violates the policy or spirit of [a law] because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." (*Cel-Tech Communication, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 187; *see also Scripps Clinic v. Superior Court (Thompson)* (2003) 108 Cal.App.4th 917, 940.)

25.     The fraudulent prong of §17200 "affords protection against the probability or likelihood as well as the actuality of deception or confusion." (*Payne v. United California Bank* (1972) 23 Cal.App.3d 850, 856.) "The test is whether the public is likely to be deceived." *(South Bay Chevrolet v. General Motors Acceptance Corp., supra,* 72 Cal.App.4th at p. 888.)

26.     The UCL contains no express intent, knowledge, or negligence requirement, and therefore has been construed as "impos[ing] strict liability." (*Searle v. Wyndham International, Inc.* (2002) 102 Cal.App.4th 1327, 1333.) Moreover, where the false representation was material, the class is entitled to a presumption of class-wide reliance, which can rebutted only with evidence establishing a lack of reliance. (*In re Tobacco II* (2009) 46 Cal.4th 298, 326-327, rehearing denied Aug. 12, 2009.)

**B.     The False Advertising Law**

27.     Business and Professions Code §17500, a provision of the False Advertising Law ("FAL"), provides in relevant part that it is: (a) "unlawful for any person, firm, corporation or association," (b) "to make or disseminate or cause to be made or disseminated before the public in this state," (c) "in any newspaper or other publication, or any advertising device, . . .or in any other manner or means," (d) "any statement, concerning. . .[the performance of] services. . .which is untrue or misleading," (e) "which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading," and (f) "with intent directly or indirectly to. . .perform services, professional or otherwise. . .or to induce the public to enter into any obligation relating thereto. . ."

28.     The FAL applies broadly to commercial speech and includes within its purview not merely advertisements specific to products or services being sold, but also to more general statements intended to burnish a corporation's image in the eyes of the public. (See *Kasky v. Nike, Inc., supra,* 27 Cal.4th 939.)

29.     A statement is "untrue or misleading" for purposes of §17500 "if members of the public

6

1    are likely to be deceived." (*Chern v. Bank of America* (1976) 15 Cal.3d 866, 876.)

2       30.    While §17200 can be violated with no showing that the defendant acted intentionally,

3    knowingly, or negligently, §17500 requires proof that the statement was "known, or which by the

4    exercise of reasonable care should be known, to be untrue or misleading" (Business and Professions

5    Code §17500), which creates a negligence standard.  (See *Khan v. Medical Board* (1993) 12

6    Cal.App.4th 1834, 1846.)  Under this standard, a seller has "a duty of investigation," such that the

7    seller's "failure to verify and investigate breaches the duty of care when facts are present which would

8    put a reasonable person on notice of possible misrepresentations." (*People v. Superior Court (Forest*

9    *E. Olson, Inc.)* (1982) 137 Cal.App.3d 137, 139.)

10       31.    A violation of §17500 may be the subject of a civil action seeking an injunction and/or

11    restitution.  (Business and Professions Code §§17535 and 17536.)

12    **C.**    **The Consumer Legal Remedies Act**

13       32.    The Consumer Legal Remedies Act ("CLRA") codified in Civil Code § 1750 *et seq.*, acts

14    as a complement to the UCL in that it protects "consumers against unfair and deceptive business

15    practices" and "provide[s] efficient and economical procedures to secure such protection." (Civ. Code

16    §1760.)

17       33.    The CLRA enumerates the following unfair methods of competition and unfair or

18    deceptive acts or practices as "unlawful", among others: (1) Representing that goods or services have

19    sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

20    (2) Representing that goods or services are of a particular standard, quality, or grade, or that goods are

21    of a particular style or model, if they are of another; and (3) Advertising goods or services with intent

22    not to sell them as advertised.  (Civ. Code §1770.)

23       34.    As with the UCL, class-wide reliance on the misrepresentation may be presumed where

24    the misrepresentation was material.

25       35.    The remedies available under the CLRA are cumulative to those available under other

26    statutory and case law. *(Wang v. Massey Chevrolet* (2002) 97 Cal.App.4th 856; Civ Code §1752.)

27    ///

28    ///

7

# VI

## CLASS ACTION ALLEGATIONS

36.   Plaintiff is seeking to represent the following classes of similarly situated Californians defined as follows:

### UCL Class

All residents of California who purchased one or more bottles of Listerine Total Care Anticavity Mouthwash. Before purchasing or obtaining Listerine Total Care Anticavity Mouthwash, members of the class must have been exposed to a statement from Defendants that the subject Listerine fought or reduced Plaque or Gingivitis, fought or prevented cavities, or provided "Total Care." ("UCL Class").

### CLRA Class

All residents of California who purchased one or more bottles of Listerine Total Care Anticavity Mouthwash. Before purchasing or obtaining Listerine Total Care Anticavity Mouthwash, members of the class must have been exposed to a statement from Defendants that the subject Listerine fought or reduced Plaque or Gingivitis, fought or prevented cavities, or provided "Total Care." ("CLRA Class").

37.   This action is brought as a class action and may properly be so maintained pursuant to the provisions of the Code of Civil Procedure §§ 382, 1781. Plaintiff reserves the right to modify the class definition and the class period based on the results of discovery pursuant to Rule 3.765 of the California Rules of Court.

### A.   Numerosity

38.   The potential members of the proposed class as defined are so numerous that joinder of all the members of the proposed class is impracticable. While the precise number of proposed class members has not been determined at this time, Plaintiff is informed and believes that hundreds or thousands of Californians purchased and used Listerine Total Care Anticavity Mouthwash expressly for anti-plaque/antigingivitis, and "Total Care" properties, in reliance on Defendant's misrepresentations.

39.   Plaintiff alleges Defendant's records would provide information as to the total number of units of Listerine Total Care Anticavity Mouthwash sold. Defendant's records will also disclose the

8

1  identity of all persons who purchased said mouthwash.  Joinder of all members of the proposed class

2  is not practicable.

3  **B.**  **Commonality**

4  40.  There are questions of law and fact common to the proposed class that predominate over

5  any questions affecting only individual class members.  These common questions of law and fact

6  include, without limitation:

7  (a)  Whether Defendants in fact marketed, advertised, promoted, distributed, and sold

8  Listerine Total Care Anticavity Mouthwash as comprehensive in function, and providing benefits,

9  including antigingivitis and antiplaque benefits, beyond those related to prevention of cavities;

10  (b)  Whether Defendants' claims regarding the Listerine Total Mouth Anticavity

11  Mouthwash are false and misleading;

12  (c)  Whether Defendants violated California's Unfair Competition Law by

13  representing that Listerine Total Care Anticavity Mouthwash is comprehensive in function, and

14  provides benefits, including antigingivitis and antiplaque benefits, beyond those related to prevention

15  of cavities, when in fact, it does not;

16  (d)  Whether Defendants violated the False Advertising Law by representing that

17  Listerine Total Care Anticavity Mouthwash is comprehensive in function, and provides benefits,

18  including antigingivitis and antiplaque benefits, beyond those related to prevention of cavities, when

19  in fact, it does not;

20  (e)  Whether Defendants knew, should have known, or were reckless in making the

21  representation that the Listerine Total Care Anticavity Mouthwash it marketed, promoted, distributed,

22  and sold as comprehensive in function, and provides benefits, including antigingivitis and antiplaque

23  benefits, beyond those related to prevention of cavities, when in fact, it does not;

24  (f)  Whether Defendants' representation that Listerine Total Care Anticavity

25  Mouthwash is comprehensive in function, and provides benefits, including antigingivitis and antiplaque

26  benefits, beyond those related to prevention of cavities, constitutes a  material fact that reasonable

27  purchasers would have considered in deciding to purchase this type of mouthwash or mouthwash

28  generally;

9

---

FIRST AMENDED CLASS ACTION COMPLAINT

(g)     Whether Plaintiff and Similarly Situated Class Members justifiably relied on Defendants' representation that Listerine Total Care Anticavity Mouthwash is comprehensive in function, and provides benefits, including antigingivitis and antiplaque benefits, beyond those related to prevention of cavities;

(h)     Whether Defendants had a duty to correct its representation that Listerine Total Care Anticavity Mouthwash is comprehensive in function, and provides benefits, including antigingivitis and antiplaque benefits, beyond those related to prevention of cavities;

(i)     Whether Plaintiff and Similarly Situated Class Members were induced by Defendant's representations to act to their detriment in purchasing Listerine Total Care Anticavity Mouthwash;

(j)     Whether Defendants represented, through words and conduct, that the Listerine Total Care Anticavity Mouthwash it marketed, advertised, promoted, distributed, and sold had characteristics, uses or benefits that the mouthwash did not actually have in violation of the Consumer Legal Remedies Act;

(k)     Whether Defendants represented, through its words and conduct, that the Listerine Total Care Anticavity Mouthwash that it marketed, advertised, promoted, distributed, and sold was of a particular standard, quality or grade when it was of another in violation of the Consumer Legal Remedies Act;

(l)     Whether Defendants advertised Listerine Total Care Anticavity Mouthwash with the intent not to sell it as advertised in violation of the Consumer Legal Remedies Act;

(m)     Whether Defendants' active concealment and/or failure to disclose the capabilities of Listerine Total Care Anticavity Mouthwash was likely to mislead or deceive, and is therefore fraudulent, within the meaning of California's Unfair Competition law;

(n)     Whether Defendants' affirmative misrepresentation and/or failure to disclose the capabilities of Listerine Total Care Anticavity Mouthwash is unfair within the meaning of California's Unfair Competition law;

(o)     Whether Defendants' marketing, advertisements, and other express representations that Listerine Total Care Anticavity Mouthwash had certain characteristics violated

10

1   California's False Advertising law;

2          (p)      Whether Plaintiff and Similarly Situated Class Members have been damaged and
3   are entitled to compensatory damages, and the amount of such damages;

4          (q)      Whether Plaintiff and Similarly Situated Class Members are entitled to restitution
5   and, if so, in what amount, and whether Defendants should be ordered to disgorge ill-gotten profits
6   received from its sale of the misrepresented Listerine Total Care Anticavity Mouthwash for the benefit
7   of Plaintiff and Similarly Situated Class Members.

8   **C.   Typicality**

9   41.    The claims of the named Plaintiff are typical of the claims of the proposed class.  Plaintiff
10  and all members of the proposed classes have sustained injuries and damages arising out of and caused
11  by Defendants' unlawful, unfair, and fraudulent business acts and practices and deceptive advertising
12  in the marketing and sale of Listerine Total Care Anticavity Mouthwash to consumers as alleged herein.

13  **D.   Adequacy of Representation**

14  42.    Plaintiff will fairly and adequately represent and protect the interests of the members of
15  the proposed class.  Counsel who represents Plaintiff are competent and experienced in litigating large
16  class actions.

17  **E.   Superiority of Class Action**

18  43.    A class action is superior to other available means for the fair and efficient adjudication
19  of this controversy.  Individual joinder of all proposed class members is not practicable, and questions
20  of law and fact common to the proposed classes predominate over any questions affecting only
21  individual members of the proposed classes.  Each member of the proposed classes has been damaged
22  and is entitled to recovery by reason of Defendants' unlawful, unfair and fraudulent business acts and
23  practices and deceptive advertising in the marketing and sale of Listerine Total Care Anticavity
24  Mouthwash.

25  44.    Class action treatment will allow those similarly situated persons to litigate their claims
26  in the manner that is most efficient and economical for the parties and the judicial system.  Plaintiff is
27  unaware of any difficulties that are likely to be encountered in the management of this action that would
28  preclude its maintenance as a class action.

11

# VII

## FIRST CAUSE OF ACTION

### UNFAIR, MISLEADING, AND DECEPTIVE BUSINESS PRACTICES

### PURSUANT TO BUSINESS & PROFESSIONS CODE §17200

45.     Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

46.     This is a Representative Private Attorney General Action and Class Action for Unfair Business Practices.  Plaintiff on behalf of himself, the general public, and others similarly situated, brings this claim pursuant to Business and Professions Code §17200 *et seq.*  The conduct of all Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff, the general public, and the proposed classes.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure §1021.5.

47.     Plaintiff is a "person" within the meaning of Business and Professions Code §17204, and therefore has standing to bring this cause of action for restitution and other appropriate equitable relief.  Plaintiff has lost money as a result of Defendant's conduct.

48.     Defendants, by marketing, promoting, distributing, and ultimately selling Listerine Total Care Anticavity Mouthwash, either knew or in the exercise of reasonable care, should have known that its conduct was misleading and deceptive and therefore in violation of §17200 *et seq.* of the Business and Professions Code.

49.     Defendants' conduct violates state and federal statutes and regulations, including, but not limited to, Business and Professions Code § 17500, 21 U.S.C. 352(a) subd. 505(a), and 21 U.S.C. 355(a) subd. 505(a).

50.     Defendants conduct is unfair in that the consumer injury is substantial, Defendant's conduct is not outweighed by any countervailing benefits to consumers or to competition, and consumers could not reasonably have avoided the false claims as consumers generally lack sufficient knowledge to question Defendant's claims that Listerine Total Care Anticavity Mouthwash is comprehensive in function, and provides benefits, including antigingivitis and antiplaque benefits, beyond those related to prevention of cavities.

12

51.     As a proximate result of the above mentioned acts of Defendants, Plaintiff and others similarly situated reasonably relied on the Defendant's representations of material fact that the Listerine Total Care Anticavity Mouthwash it sold was comprehensive in function, and provides benefits, including antigingivitis and antiplaque benefits, beyond those related to prevention of cavities. Plaintiff and Class Members have been damaged and are entitled to restitution in a sum as may be proven.

52.     Pursuant to the Business and Professions Code, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to disgorge Defendants of ill-gotten profits which may be necessary to restore to Plaintiff and the Proposed Class the money Defendants have unlawfully received.

## VIII

## SECOND CAUSE OF ACTION

## UNTRUE OR MISLEADING ADVERTISING

## PURSUANT TO BUSINESS & PROFESSIONS CODE §17500

53.     Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

54.     At all times herein mentioned, Defendants marketed, advertised, promoted, distributed, and ultimately sold Listerine Total Care Anticavity Mouthwash to customers throughout California with the representation that it would "prevent cavities" and "fight unsightly plaque above the gum line." Defendants also mislead the public by claiming that the subject Listerine was comprehensive in function, creating the belief that the subject Listerine provided benefits beyond those claimed on the label (e.g. prevention of cavities).

55.     Since at least four years prior to the filing of the Complaint and continuing to the present, Defendants have engaged in advertising campaigns to sell Listerine Total Care Anticavity Mouthwash to the public, including Plaintiff and other Californians.

56.     The advertisements are and were disseminated to and received by the public. The advertisements have been aired or made available through television commercials, websites, the product label, and other mediums, including print advertising.

57.     Defendants' advertising was untrue and/or misleading and likely to deceive the public in

13

FIRST AMENDED CLASS ACTION COMPLAINT

that Defendants represented to Plaintiff and the Proposed Class that the Listerine Total Care Anticavity Mouthwash was comprehensive in function, and provides benefits, including antigingivitis and antiplaque benefits, beyond those related to prevention of cavities.

58.     In making and disseminating the statements herein alleged, Defendants knew, or by the exercise of reasonable care should have known, that the statements were untrue or misleading and so acted in violation of Business and Professions Code §17500.

59.     The FDA has warned Defendants that its claims including the labeling of the subject Listerine as providing "Total Care" is "misleading" and accordingly makes the product "misbranded." (Exhibit "2.")

60.     Pursuant to Business and Professions Code §17535, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to restore Plaintiff and members of the Proposed UCL Class, money paid to or acquired by Defendants in connection with the sales of Listerine Total Care Anticavity Mouthwash.

## IX

### THIRD CAUSE OF ACTION

### VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT

### PURSUANT TO CIVIL CODE §1750 ET SEQ.

61.     Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

62.     Defendants are "persons" as defined by Civil Code §1761(c).

63.     Plaintiff and the Class are "consumers" within the meaning of Civil Code §1761(d).

64.     The Listerine Total Care Anticavity Mouthwash marketed, advertised, promoted, distributed, and sold by Defendants are "goods" within the meaning of Civil Code §1761(a).

65.     Defendants violated the Consumer Legal Remedies Act ("CLRA") by misrepresenting and/or actively concealing the true properties of this product from Plaintiff and the Class. These misrepresentations were material and were made in violation of the CLRA include the following:

(1)     Representing that goods or services have approval, characteristics, uses and benefits which they do not have (§1770(a)(5));

14

(2)      Representing that goods or services are of a particular standard, quality, or grade, when they are of another (§1770(a)(7));

66.     The facts that Defendants misrepresented and/or concealed are material in that a reasonable person would have considered them important in deciding whether or not to purchase the Listerine Total Care Anticavity Mouthwash sold by Defendants and whether to pay the full retail price for the Listerine Total Care Anticavity Mouthwash.

67.     The material facts were misrepresented and/or concealed to induce Plaintiff and others to purchase the Listerine Total Care Anticavity Mouthwash.

68.     Plaintiff and the Proposed Class suffered damages as a direct and proximate result of Defendants' conduct in violation of the CLRA, as evidenced by their purchase of the Listerine Total Care Anticavity Mouthwash. Plaintiff and the Proposed Class were induced to buy the Listerine Total Care Anticavity Mouthwash as a direct result of Defendant's misrepresentation. Plaintiff and the Proposed Class would not have purchased the Listerine Total Care Anticavity Mouthwash (or would have paid less than they actually paid) but for Defendants' misrepresentations that Listerine Total Care Anticavity Mouthwash is comprehensive in function, and provides benefits, including antigingivitis and antiplaque benefits, beyond those related to prevention of cavities.

69.     In accordance with §1782(a) of the CLRA, on October 11, 2010, Plaintiff's Counsel sent a demand to Defendant McNeil-PPC, Inc., by certified mail return receipt requested, with notice of the alleged violations of the CLRA §1770(a)(5), (7), and (19), relating to the Listerine Total Care Anticavity Mouthwash. A true and correct copy of Plaintiff's letter is attached hereto as Exhibit "1."

70.     On November 4, 2010, Plaintiff's Counsel received a letter from Counsel to Johnson & Johnson Healthcare Products Division of McNeil-PPC. Defendant denies any wrongdoing in connection with the mislabeling of its Listerine Total Care product. However, Defendant does not propose any relief and/or remedy to redress Plaintiff's CRLA demand.

71.     Defendants collectively have failed to provide appropriate relief for its violations of the CRLA within 30 days of receipt of Plaintiff's letter. Therefore, Plaintiff is entitled, under Civil Code §1780, to recover or obtain relief of all of the following:

(1)      actual damages under Civil Code §1780(a)(1);

15

(2)     punitive damages under Civil Code §1780(a)(4);

(3)     attorneys' fees and costs under Civil Code §1780(d); and

(4)     any other relief the Court deems proper under Civil Code §1780(a)(5).

## X

### FOURTH CAUSE OF ACTION

### FRAUDULENT CONCEALMENT / NONDISCLOSURE

72.     Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

73.     Defendants knew that its Listerine Total Care Anticavity Mouthwash was not comprehensive in function, and did not provide benefits, including antigingivitis and antiplaque benefits, beyond those related to prevention of cavities.

74.     Defendants fraudulently concealed from and/or intentionally failed to disclose to Plaintiff and the Classes the true nature of its Listerine Total Care Anticavity Mouthwash.

75.     Defendants were and is under a duty to Plaintiff and the Classes to disclose these facts because:

(a) Defendants are in a superior position to know the facts about Listerine Total Care Anticavity Mouthwash;

(b) Consumers could not reasonably have avoided the false claims as consumers generally lack sufficient knowledge to question Defendant's claims that Listerine Total Care Anticavity Mouthwash is comprehensive in function, and provides benefits, including antigingivitis and antiplaque benefits, beyond those related to prevention of cavities;

(c) Defendants did not disclose the true benefits about Listerine Total Care Anticavity Mouthwash from Plaintiff and the Classes; and

(d) Defendants fraudulently and actively concealed the true benefits about Listerine Total Care Anticavity Mouthwash from Plaintiff and the Classes.

76.     The facts concealed and/or not disclosed by Defendants to Plaintiff and the Classes are material facts in that a reasonable person would have considered them important in deciding whether or not to purchase (or to pay the same price for) Listerine Total Care Anticavity Mouthwash .

16

77.     Defendants intentionally concealed and/or failed to disclose the true benefits of Listerine Total Care Anticavity Mouthwash for the purpose of inducing Plaintiff and the Classes to act thereon.

78.     Plaintiff and the Classes justifiably acted or relied upon to their detriment the concealed and/or non-disclosed facts as evidenced by their purchase of Listerine Total Care Anticavity Mouthwash.

79.     Had Plaintiffs and the Classes known of the true benefits of Listerine Total Care Anticavity Mouthwash they would not have purchased (or would have paid less for) the moutwash.

80.     As a direct and proximate cause of Defendant's misconduct, Plaintiff and members of the Classes have suffered actual damages in that they bought (and own) Listerine Total Care Anticavity Mouthwash.

81.     Defendants' conduct has been and is wanton and/or reckless and/or shows a reckless indifference to the interests of others.

82.     Defendants have acted with "malice" as that term is defined in Civ. Code §3294(c)(1) by engaging in conduct that was and is intended by Defendants to cause injury to the Plaintiff and the Classes.

83.     Defendants have committed "fraud" as that term is defined in Civ. Code §3294(c)(3) through its concealment of material facts known to Defendants with the intent to cause injury to the Plaintiff and the Classes.

84.     Plaintiff, on behalf of himself and all others similarly situated, demands judgment against Defendants for actual and punitive damages in accordance with Civ. Code § 3294(a) for himself and each member of the Class, plus attorneys' fees for the establishment of a common fund, interest, and costs.

///

///

///

///

///

///

17

# XI

## FIFTH CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

## PURSUANT TO CIVIL CODE §§1572(2), 1709, 1710

85. Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

86. Negligent misrepresentation occurs if a party to the contract makes a positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true, with an intent to deceive another party thereto, or to induce him to enter into the contract. (Civ. Code §1572.) Negligent misrepresentation may also occur if a person willfully deceives another person with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers. (Civ. Code §§1709, 1710.)

87. Defendants negligently misrepresented and concealed from Plaintiff, and all others similarly situated, the true benefits of Listerine Total Care Anticavity Mouthwash and, on information and belief, had no reasonable foundation or basis to believe or state that this Mouthwash actually had all of those uses.

88. These material misrepresentations were negligently made to Plaintiff, and all others similarly situated, through uniform misrepresentation, advertising, and other information disseminated by Defendants.

89. Defendants knew at all times that Plaintiff and the proposed Class relied upon their advertising. Defendants materially misrepresented the qualities and/or benefits of its Listerine Total Care Anticavity Mouthwash when Defendants knew, or by the exercise of reasonable care should have known, that the Listerine Total Care Anticavity Mouthwash that it marketed, advertised, promoted, distributed, and ultimately sold did not actually have the qualities and/or benefits as represented.

90. Defendant's representations concerning Listerine Total Care Anticavity Mouthwash's qualities and/or benefits were made without any reasonable ground for believing that its Listerine Total Care Anticavity would be comprehensive in function, and provide benefits, including antigingivitis and antiplaque benefits, beyond those related to prevention of cavities.

18

91.     Defendants intended to induce reliance upon this material misrepresentation to influence the purchasing decisions of Plaintiff, and all others similarly situated.  Defendants misrepresented to Plaintiff and the Proposed Class that Listerine Total Care Anticavity Mouthwash was of a different quality than was actually the case in an effort to induce Plaintiff, and all others similarly situated, to buy Listerine Total Care Anticavity Mouthwash over other available mouthwashes or those that would be available in the foreseeable future.

92.     Plaintiff and the Proposed Class justifiably relied upon Defendant's representations.

93.     As a result of Defendant's negligent misrepresentations, Plaintiff, and all others similarly situated, were harmed.  Defendants caused damage to Plaintiff and the members of the Classes as they were induced to buy Listerine Total Care Anticavity Mouthwash from Defendants when the actual mouthwash purchased was of inferior quality.

94.     Defendants acted as described above, with a conscious disregard of the rights of Plaintiff and the members of the Classes in clear violation of California Law and resulted in oppression, and/or malice constituting despicable conduct under California Civil Code §3294 entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

## XII

## SIXTH CAUSE OF ACTION

## BREACH OF EXPRESS WARRANTY

95.     Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

96.     As set forth above, each unit of Listerine Total Care Anticavity Mouthwash came with an express warranty that listed its ingredients, including the efficacy of its ingredients and the benefits of use.

97.     Defendants breached their express warranties as set forth above, by supplying mislabeled Listerine Total Care Anticavity Mouthwash to its customers in a condition such that the mouthwash did not have the qualities and/or benefits that it purported to have.

98.     Listerine Total Care Anticavity Mouthwash contains common hidden defects that were present at the time of purchase, which could not be discovered by Plaintiff and the Class members.

19

99.   Had Plaintiff and the members of the Classes known that Listerine Total Care Anticavity Mouthwash failed to conform to the characteristics, qualities and/or benefits that Defendants expressly warranted, they would not have purchased it or would have paid less for it.

100.   As a direct and proximate result of Defendant's breach of express warranty, Plaintiff and the members of the Classes have sustained damages in an amount to be determined according to proof at trial.

101.   Plaintiff, on behalf of himself and all the members of the Classes , demands injunctive relief in the form of a Court order mandating that Defendants take steps to stop the sale of the Listerine Total Care Anticavity Mouthwash mislabeled as being comprehensive in function, and providing benefits, including antigingivitis and antiplaque benefits, beyond those related to prevention of cavities, or, alternatively, replace the label on all containers mislabeled as being comprehensive in function, and provide benefits, including antigingivitis and antiplaque benefits, beyond those related to prevention of cavities, with a label that accurately describes the true benefits and/or damages in an amount to be proven at trial, plus attorneys' fees, costs, and interest pursuant to California Commercial Code Sections 2714 and 2715.

## XIII

### SEVENTH CAUSE OF ACTION

### BREACH OF THE IMPLIED COVENANT

### OF GOOD FAITH AND FAIR DEALING

102.   Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

103.   In every contract or agreement there is an implied promise of good faith and fair dealing meaning that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract.

104.   Defendants unfairly interfered with Plaintiff's right, and the rights of all others similarly situated, to receive the benefits of the contract in that it knew Plaintiff and the proposed Class relied upon its representation, yet it unfairly, unlawfully, and fraudulently misrepresented the qualities and/or benefits of its Listerine Total Care Anticavity Mouthwash to Plaintiff and the proposed Classes.

FIRST AMENDED CLASS ACTION COMPLAINT

105.   As a result of Defendant's unfair, unlawful, and fraudulent acts, Plaintiff, and all others similarly situated, were harmed.  Defendants caused damage to Plaintiff as he was induced to buy Listerine Total Care Anticavity Mouthwash from Defendants, which because of the failure to actually "fight plaque," provide "antiplaque/antigingivitis" benefits, or "total care" as represented, thereby stripping all value for the intended use of the Total Care Anticavity Mouthwash.

**XIV**

**EIGHT CAUSE OF ACTION**

**MONEY HAD AND RECEIVED**

106.   Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

107.   As a result of the conduct described above, Defendants have been and may continue to be unjustly enriched at the expense of the Plaintiff and the proposed Class.  Specifically, Defendant's unlawful, unfair, and fraudulent conduct has enabled Defendants to market, advertise, promote, distribute, and ultimately sell this mouthwash to Plaintiff and the proposed Class unjustly enriching Defendants.

108.   Defendants received the money of Plaintiff and the Proposed Class for purchase of Listerine Total Care Anticavity Mouthwash with the understanding that it was comprehensive in function, and provided benefits, including antigingivitis and antiplaque benefits, beyond those related to prevention of cavities, as described.  Because the mouthwash was not usable as promised, Plaintiff and the proposed Class, did not receive the benefit of the purchase money.  Defendants have not returned the money to Plaintiff and the Proposed Class.

109.   It would be unjust and inequitable to allow Defendants to retain their ill-gotten profits and therefore should be required to disgorge profits unlawfully obtained.

**RELIEF REQUESTED**

**WHEREFORE,** Plaintiff prays for the following relief:

1.   For compensatory damages for the purchase price of the Listerine Total Care Anticavity Mouthwash by Plaintiff and each class member;

///

21

2.     For restitution, including an order disgorging profits obtained by Defendants for the wrongful acts alleged herein;

3.     For punitive damages;

4.     For attorneys' fees pursuant to California Code of Civil Procedure §1021.5, or other legal basis as may be proven;

5.     For costs of suit; and

6.     For such other relief as the court may deem appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of all claims by jury to the extent authorized by law.

DATED: November 12, 2010                    KINGSLEY & KINGSLEY, APC

                                            By:_____
                                                ERIC B. KINGSLEY
                                                Attorneys for Plaintiff

22

EXHIBIT E

KINGSLEY & KINGSLEY, APC
ERIC B. KINGSLEY, ESQ., SBN-185123
eric@kingsleykingsley.com
KELSEY PETERSON-MORE, ESQ., SBN-260264
kelsey@kingsleykingsley.com
16133 VENTURA BL., SUITE 1200
ENCINO, CA 91436
(818) 990-8300, FAX (818) 990-2903

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV 17 2010

John A. Clarke, Executive Officer/Clerk
BY_____, Deputy
Raul Sanchez

Attorneys for Plaintiff

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| NICHOLAS SZAMET, on behalf of of himself and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> McNEIL-PPC, INC., and DOES 1 to 50 Inclusive, | Case No.: BC446642 <br><br> DECLARATION OF ERIC B. KINGSLEY IN SUPPORT OF PLAINTIFF'S REQUEST FOR DISMISSAL OF PLAINTIFF MICHELLE TANZER ONLY |

I, ERIC B. KINGSLEY, declare as follows:

1.    I am an attorney licensed to practice before all of the courts of the State of California. I am counsel to Plaintiff MICHELLE TANZER and the Plaintiffs herein, and have personal knowledge of the facts herein. If called as a witness, I could and would competently testify herein.

2.    Plaintiff TANZER filed a class action lawsuit on behalf of a putative class of California residents who purchased Listerine Total Care Anticavity Mouthwash on October 1, 2010, alleging causes of action for: (1) Violation of the Unfair Competition Law (Business and Professions Code §17200 et seq.); (2) Violation of the False Advertising Law (Business and Professions Code §17500 et seq.); (3) Violation of the Consumer Legal Remedies Act (Civil Code §1750 et seq.); (4) Fraudulent Concealment/Nondisclosure; (5) Negligent Misrepresentation (6) Breach of Express Warranty; (7) Breach of the Implied Covenant of Good Faith and Fair Dealing; and (8) Money Had and Received.

1

3.      Plaintiff TANZER has decided that she does not wish to proceed as the named Plaintiff and seeks to voluntarily dismiss herself as the Named Plaintiff herein only.

4.      No putative class member will be prejudiced by the dismissal of Plaintiff TANZER. Class Counsel has been retained by Plaintiff NICHOLAS SZAMET to proceed as the Named Plaintiff and Class Representative in this action.

5.      On November 12, 2010, Plaintiff SZAMET filed a First Amended Class Action Complaint adding additional factual allegations and seeking relief under the Consumer Legal Remedies Act (Civil Code §1750 *et seq.*).

6.      Class Counsel has not yet sent notice of the pendency of this case to putative class members.

7.      Neither Plaintiff TANZER nor Class Counsel have received any consideration, either direct or indirect, for the dismissal.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 16, 2010, in Encino, California.

ERIC B. KINGSLEY

2

**(PROOF OF SERVICE)**
**[CCP 1013(a)(3)]**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 16133 Ventura Boulevard, Suite 1200, Encino, California 91436.

On November 17, 2010, I served all interested parties in this action the following documents described as **DECLARATION OF ERIC B. KINGSLEY IN SUPPORT OF PLAINTIFF'S REQUEST FOR DISMISSAL OF PLAINTIFF MICHELLE TANZER ONLY** by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Steven A. Zalesin
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710

[XX]   **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage fully prepaid at Encino, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[]   **(BY EMAIL) A pdf copy of which was sent via email to the above email address.**

[]   **(BY FACSIMILE)** A copy of which was placed in our inter-office fax machine and faxed to SEE **FAX NUMBER ABOVE**, after which I received a facsimile confirmation sheet indicating that all pages went through successfully.

[XX]   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**Executed on November 17, 2010, at Encino, California.**

Michelle A. Tanzer

EXHIBIT F

1   RICHARD B. GOETZ (S.B. #115666)
    rgoetz@omm.com
2   CARLOS M. LAZATIN (S.B. #229650)
    clazatin@omm.com
3   TIMOTHY P. CABALLERO (S.B. #254599)
    tcaballero@omm.com
4   O'MELVENY & MYERS LLP
    400 South Hope Street, 18th Floor
5   Los Angeles, CA 90071-2899
    Telephone:    (213) 430-6000
6   Facsimile:    (213) 430-6407

7   Attorneys for Defendant
    McNeil-PPC, Inc.

8

9

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

**NOV 18 2010**

John A. Clarke, Executive Officer/Clerk
by _____ Deputy
DAWN ALEXANDER

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

10

### COUNTY OF LOS ANGELES - CENTRAL DISTRICT

11

12

13  MICHELLE TANZER, on behalf of herself
    and others similarly situated,

14

15              Plaintiffs,

16      v.

17  McNEIL-PPC, INC., and DOES 1 to 50,
    Inclusive,

18

19              Defendants.

Case No. BC446642

**DEFENDANT MCNEIL-PPC, INC.'S
ANSWER TO CLASS ACTION
COMPLAINT**

Hon. Mel Red Recana
Dept.: 45

Date Complaint Filed: October 1, 2010

20

21

22

23

24

25

26

27

28

---

DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT

Defendant McNeil-PPC, Inc. ("Defendant") answers the complaint filed by plaintiff Michelle Tanzer ("Plaintiff"), on behalf of herself and all others similarly situated, as follows:

Pursuant to section 431.30(d) of the California Code of Civil Procedure, Defendant generally denies each and every material allegation of Plaintiff's complaint.  Defendant further denies that Plaintiff, members of the public, members of the purported class, or anyone, has been damaged by reason of any act or omission of Defendant.

While specifically denying any liability to Plaintiff and members of the purported class, or anyone, and without assuming any legal or factual burden not otherwise assigned to it by virtue of listing these affirmative defenses, Defendant asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The complaint fails to state any claim against Defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Injury and Damages)

The complaint may be barred, in whole or in part, due to a lack of any cognizable injury or damages legally compensable at law.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing)

The complaint may be barred, in whole or in part, for lack of standing.

1

DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Reliance)

The complaint may be barred, in whole or in part, because Plaintiff and the members of the purported class did not justifiably rely on any alleged statement or omission by Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### (Equity)

The complaint may be barred, in whole or in part, based on principles of equity.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The complaint may be barred, in whole or in part, based on the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

The complaint may be barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

The complaint may be barred, in whole or in part, by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The complaint may be time-barred, in whole or in part, under applicable statutes of limitations, including but not limited to, California Business and Professions Code § 17208,

2

California Civil Code § 1783, and California Code of Civil Procedure §§ 312 through 365, inclusive.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

The complaint may be barred, in whole or part, due to Plaintiff's failure to mitigate damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Any injury or damage suffered by Plaintiff or any member of the purported class, if there was any, would be adequately compensated in an action at law for damages.

## TWELFTH AFFIRMATIVE DEFENSE

### (First Amendment)

The complaint may be barred, in whole or in part, by the First Amendment of the United States Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Ratification)

The complaint may be barred, in whole or in part, because Plaintiff and/or purported class members, through actions or omissions, have expressly or implicitly consented to and ratified the acts about which they now complain.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Res Judicata/Collateral Estoppel)

The complaint may be barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, and/or other similar doctrines.

3

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Safe Harbor)

Defendant's business practices are not unfair, unlawful, or likely to mislead because its conduct falls within a safe harbor created by law.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Release)

The complaint may be barred, in whole or in part, by release of the asserted claims.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Good Faith/Reasonable Belief as to Accuracy and Validity)

The complaint may be barred, in whole or in part, because any representations or statements alleged to have been made by Defendant were true and accurate at the time made and/or otherwise were made in good faith and with a reasonable belief as to their validity and accuracy and with reasonable belief that all of Defendant's conduct was lawful.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Due Process)

The complaint may be barred, in whole or in part, by the Due Process Clauses of the Constitutions of the United States and the State of California, and by the Due Process Clauses of any other Constitutions the Court may deem applicable.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Inadequate Notice)

The complaint may be barred, in whole or in part, by Plaintiff's failure to comply with the notice and demand procedures required under California Civil Code § 1750 *et seq.*

## TWENTIETH AFFIRMATIVE DEFENSE

### (Corrective Action Has Been Taken)

The complaint may be barred, in whole or in part, because damages may not be awarded to Plaintiff and members of the purported class pursuant to California Civil Code §§ 1782(b), 1782(c), and 1784.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Bad Faith)

The complaint may be barred, in whole or in part, because Plaintiff's claims are frivolous, unreasonable, groundless, or brought in bad faith, and accordingly Defendant should recover all costs and attorneys' fees incurred herein.  Defendant is also entitled to all costs and attorneys' fees incurred herein under California Code of Civil Procedure § 128.7.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Preemption)

The complaint may be barred, in whole or in part, by the doctrine of federal preemption including, but not necessarily limited to, preemption by the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301 *et seq.*

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Puffing)

The complaint may be barred, in whole or in part, to the extent that it is based on non-actionable puffing.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Prior Substantiation)

The complaint may be barred, in whole or in part, by the prior substantiation doctrine.

DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Duty to Disclose)

The complaint may be barred, in whole or in part, because Defendant had no duty to disclose the information that was allegedly omitted.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

Defendant is informed and believes and on such basis alleges that it may have additional defenses available which are not fully known and of which Defendant is not presently aware. Defendant reserves the right to raise and assert additional defenses after such defenses have been ascertained.

WHEREFORE, Defendant prays for judgment in its favor as follows:

1.    that this suit cannot be maintained as a class action;

2.    that the complaint be dismissed on the merits;

3.    that Plaintiff take nothing by the complaint;

4.    that Defendant be awarded its costs, disbursements, and expenses incurred herein;

5.    that Defendant be awarded reasonable attorneys' fees as provided by law; and

6.    that Defendant be awarded such other and further relief as the Court may deem proper.

Dated: November 18, 2010                    O'MELVENY & MYERS LLP


By:_____
        Timothy P. Caballero
        Attorneys for Defendant
        McNeil-PPC, Inc.

DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| — Carlos M. Lazatin (SB# 229650)<br>O'MELVENY & MYERS, LLP<br>400 South Hope Street<br>Los Angeles, CA 90071-2899<br><br>TELEPHONE NO: (213) 430-6000   FAX NO: (213) 430-6407<br>ATTORNEY FOR (Name): Defendant McNeil-PPC, Inc. | **CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>NOV 18 2010<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____ Deputy<br>DAWN ALEXANDER |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

CASE NAME:
Tanzer v. McNeil-PPC, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC 446642 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [✓] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Hon. Mel Red Recana<br>DEPT: 45 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [✓] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): Seven
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 18, 2010
Carlos M. Lazatin
(TYPE OR PRINT NAME)                        ► _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

1   RICHARD B. GOETZ (S.B. #115666)
    rgoetz@omm.com
2   CARLOS M. LAZATIN (S.B. #229650)
    clazatin@omm.com
3   TIMOTHY P. CABALLERO (S.B. #254599)
    tcaballero@omm.com
4   O'MELVENY & MYERS LLP
    400 South Hope Street, 18th Floor
5   Los Angeles, CA 90071-2899
    Telephone:   (213) 430-6000
6   Facsimile:    (213) 430-6407

7   Attorneys for Defendant
    McNeil-PPC, Inc.

8

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 18 2010

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
DAWN ALEXANDER

9

10         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11        **COUNTY OF LOS ANGELES - CENTRAL DISTRICT**

12

13   MICHELLE TANZER, on behalf of herself     Case No. BC446642
    and others similarly situated,
14                               **PROOF OF SERVICE**
15              Plaintiffs,

16       v.

17   McNEIL-PPC, INC., and DOES 1 to 50,
    Inclusive,
18
            Defendants.
19

20

21

22

23

24

25

26

27

28

LA2 918994.1

PROOF OF SERVICE

EXHIBIT G

1
RICHARD B. GOETZ (S.B. #115666)
rgoetz@omm.com

2
CARLOS M. LAZATIN (S.B. #229650)
clazatin@omm.com

3
TIMOTHY P. CABALLERO (S.B. #254599)
tcaballero@omm.com

4
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor

5
Los Angeles, CA  90071-2899
Telephone:    (213) 430-6000

6
Facsimile:    (213) 430-6407

7
Attorneys for Defendant
McNeil-PPC, Inc.

8

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 19 2010

John A. Clarke, Executive Officer/Clerk
By _____ , Deputy
A. El LaFLEUR-CLAYTON

9

10
SUPERIOR COURT OF THE STATE OF CALIFORNIA

11
COUNTY OF LOS ANGELES - CENTRAL DISTRICT

12

13
NICHOLAS SZAMET, on behalf of
himself and others similarly situated,

14

Plaintiffs,

15

v.

16

McNEIL-PPC, INC., and DOES 1 to 50,

17
Inclusive,

18

Defendants.

Case No. BC446642

**DEFENDANT MCNEIL-PPC, INC.'S
ANSWER TO FIRST AMENDED CLASS
ACTION COMPLAINT**

Hon. Mel Red Recana
Dept.: 45

Date Action Filed: October 1, 2010

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

Defendant McNeil-PPC, Inc. ("Defendant") answers the first amended complaint filed by plaintiff Nicholas Szamet ("Plaintiff"), on behalf of himself and all others similarly situated, as follows:

Pursuant to section 431.30(d) of the California Code of Civil Procedure, Defendant generally denies each and every material allegation of Plaintiff's complaint. Defendant further denies that Plaintiff, members of the public, members of the purported class, or anyone, has been damaged by reason of any act or omission of Defendant.

While specifically denying any liability to Plaintiff and members of the purported class, or anyone, and without assuming any legal or factual burden not otherwise assigned to it by virtue of listing these affirmative defenses, Defendant asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The complaint fails to state any claim against Defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Injury and Damages)

The complaint may be barred, in whole or in part, due to a lack of any cognizable injury or damages legally compensable at law.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing)

The complaint may be barred, in whole or in part, for lack of standing.

1

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Reliance)

The complaint may be barred, in whole or in part, because Plaintiff and the members of the purported class did not justifiably rely on any alleged statement or omission by Defendant.


## FIFTH AFFIRMATIVE DEFENSE

### (Equity)

The complaint may be barred, in whole or in part, based on principles of equity.


## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The complaint may be barred, in whole or in part, based on the doctrine of unclean hands.


## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

The complaint may be barred, in whole or in part, by the doctrines of waiver and/or estoppel.


## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

The complaint may be barred, in whole or in part, by the doctrine of laches.


## NINTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The complaint may be time-barred, in whole or in part, under applicable statutes of limitations, including but not limited to, California Business and Professions Code § 17208,

2

California Civil Code § 1783, and California Code of Civil Procedure §§ 312 through 365, inclusive.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

The complaint may be barred, in whole or part, due to Plaintiff's failure to mitigate damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Any injury or damage suffered by Plaintiff or any member of the purported class, if there was any, would be adequately compensated in an action at law for damages.

## TWELFTH AFFIRMATIVE DEFENSE

### (First Amendment)

The complaint may be barred, in whole or in part, by the First Amendment of the United States Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Ratification)

The complaint may be barred, in whole or in part, because Plaintiff and/or purported class members, through actions or omissions, have expressly or implicitly consented to and ratified the acts about which they now complain.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Res Judicata/Collateral Estoppel)

The complaint may be barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, and/or other similar doctrines.

DEFENDANT'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Safe Harbor)

Defendant's business practices are not unfair, unlawful, or likely to mislead because its conduct falls within a safe harbor created by law.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Release)

The complaint may be barred, in whole or in part, by release of the asserted claims.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Good Faith/Reasonable Belief as to Accuracy and Validity)

The complaint may be barred, in whole or in part, because any representations or statements alleged to have been made by Defendant were true and accurate at the time made and/or otherwise were made in good faith and with a reasonable belief as to their validity and accuracy and with reasonable belief that all of Defendant's conduct was lawful.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Due Process)

The complaint may be barred, in whole or in part, by the Due Process Clauses of the Constitutions of the United States and the State of California, and by the Due Process Clauses of any other Constitutions the Court may deem applicable.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Inadequate Notice)

The complaint may be barred, in whole or in part, by Plaintiff's failure to comply with the notice and demand procedures required under California Civil Code § 1750 *et seq.*

4

DEFENDANT'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

## TWENTIETH AFFIRMATIVE DEFENSE

### (Corrective Action Has Been Taken)

The complaint may be barred, in whole or in part, because damages may not be awarded to Plaintiff and members of the purported class pursuant to California Civil Code §§ 1782(b), 1782(c), and 1784.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Bad Faith)

The complaint may be barred, in whole or in part, because Plaintiff's claims are frivolous, unreasonable, groundless, or brought in bad faith, and accordingly Defendant should recover all costs and attorneys' fees incurred herein.  Defendant is also entitled to all costs and attorneys' fees incurred herein under California Code of Civil Procedure § 128.7.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Preemption)

The complaint may be barred, in whole or in part, by the doctrine of federal preemption including, but not necessarily limited to, preemption by the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301 *et seq.*

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Puffing)

The complaint may be barred, in whole or in part, to the extent that it is based on non-actionable puffing.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Prior Substantiation)

The complaint may be barred, in whole or in part, by the prior substantiation doctrine.

5

DEFENDANT'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Duty to Disclose)

The complaint may be barred, in whole or in part, because Defendant had no duty to disclose the information that was allegedly omitted.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

Defendant is informed and believes and on such basis alleges that it may have additional defenses available which are not fully known and of which Defendant is not presently aware. Defendant reserves the right to raise and assert additional defenses after such defenses have been ascertained.

WHEREFORE, Defendant prays for judgment in its favor as follows:

1.     that this suit cannot be maintained as a class action;

2.     that the complaint be dismissed on the merits;

3.     that Plaintiff take nothing by the complaint;

4.     that Defendant be awarded its costs, disbursements, and expenses incurred herein;

5.     that Defendant be awarded reasonable attorneys' fees as provided by law; and

6.     that Defendant be awarded such other and further relief as the Court may deem proper.

Dated: November 19, 2010

O'MELVENY & MYERS LLP

By: _____
Carlos M. Lazatin
Attorneys for Defendant
McNeil-PPC, Inc.

6

DEFENDANT'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

## **PROOF OF SERVICE**

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action. My business address is 400 South Hope Street, Los Angeles, CA 90071-2899. I am employed at the office of a member of the bar of this Court at whose direction this service is being made. On November 19, 2010, I served the following:

**DEFENDANT MCNEIL-PPC, INC.'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT**

by putting a true and correct copy thereof in a sealed envelope, with postage fully prepaid, and placing the envelope for collection and mailing today with the United States Postal Service in accordance with the firm's ordinary business practices, addressed as follows:

> Eric B. Kingsley, Esq.
> Brian Levine, Esq.
> Kelsey Peterson-More, Esq.
> KINGSLEY & KINGSLEY, APC
> 16133 Ventura Blvd., Suite 1200
> Encino, CA 91463
> Telephone : (818) 990-8300
> Facsimile : (818) 990-2903

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on November 19, 2010, at Los Angeles, California.

*Amelia Muzien*
Amelia Muzien

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Valerie Baker Fairbank and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV10- 8933 VBF (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

Nicholas Szametz, on Behalf of Himself and All Others Similarly Situated

**DEFENDANTS**

McNEIL-PPC, Inc. and DOES 1 to 50, Inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Eric B. Kingsley (SB 185123), Kelsey Peterson-More (SB 260264)
KINGSLEY & KINGSLEY, APC
16133 Ventura Blvd., Suite 1200, Encino, CA 91436
Telephone: (818) 990-8300    Facsimile: (818) 990-2900

Attorneys (If Known)

Richard B. Goetz (SB 115666), Carlos M. Lazatin (SB 229650)
O'MELVENY & MYERS LLP
400 S. Hope Street, 18th Floor, Los Angeles, CA 90071-2899
Telephone: (213) 430-6000    Facsimile: (213) 430-6407

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes  ☐ No          ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 USC Section 1332 Diversity (Citizenship)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: **CV 10 - 8933**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑Yes
If yes, list case number(s): CV10-8199 R(JEMx)

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☑ A. Arise from the same or closely related transactions, happenings, or events; or
☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New Jersey |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  Note: **In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Unknown | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):**   _Carlos Lezpelin /+c_   Date 11/19/10

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |